# Storrs *v.* The State.

*Indictment for Grand Larceny.*

1. *Larceny; under indictment for larceny from dwelling house defendant can be convicted of petit larceny.*—Under the present statute (Code, §§ 5049-5050), larceny from a dwelling house, storehouse or warehouse may be either grand or petit larceny, according to the value of the personal property stolen; and under an indictment which charges grand larceny from a dwelling, storehouse, etc., if the evidence shows that the value of the article was less than five dollars, there can be a conviction of petit larceny. ( Code, § 5306.)

2. *Plea of former acquittal; when sufficient.*—To an indictment for grand larceny, a plea of former acquittal on a trial before a justice of the peace, based on the same criminal act, is good and should be sustained, if the affidavit upon which the defendant was tried by the justice of the peace charged petit larceny, although the offense charged in the indictment is a felony and the offense for which there was a former acquittal is merely a misdemeanor.

3. *Same; same.*—To an indictment charging the larceny from a storehouse or dwelling of property of the value of ten dollars, a plea of former acquittal which avers that the defendant, on a certain named day was tried upon a charge of larceny by a justice of the peace and "was then and there found not guilty by said justice; that said charge of larceny was for the same offense as that charged under the indictment, but of a lower grade, and that the said justice had jurisdiction of said offense," is not subject to demurrer upon the ground that the plea shows that the justice of the peace who tried the defendant had no jurisdiction.

4. *Same; necessary allegations when relying on trial before justice of the peace.*—In a plea of former acquittal where the defendant relies upon acquittal on a trial before a justice of the peace, while it is necessary to set out the written complaint on which the justice of the peace proceeded, it is not necessary for the sufficiency of the plea that it should set out the judgment rendered by said justice of the peace in said trial; and such plea is not subject to demurrer for failing to set out such judgment.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. JOHN PELHAM.

The indictment under which the appellant was convicted contained three counts. The first count charged the larceny of a pistol of the value of $10 from a dwelling house. The other counts charged the larceny of a pistol from a storehouse, and a warehouse, respectively.

The defendant filed the following plea of former acquittal: "Comes the defendant and for plea to the indictment against him says: That on, to-wit, the.... day of September, 1899, he was tried upon a charge of larceny by James Ozeley, a justice of the peace for Shelby county, Alabama, and was then and there found not guilty by said justice; that said charge of larceny was for the same offense as that charged in the indictment, but for a lower grade, and that the said justice had jurisdiction of said offense and that the defendant was duly arraigned and tried upon said charge of larceny by said justice, wherefore defendant pleads said former acquittal in bar of said prosecution."

To this plea the State demurred upon the following grounds: "1st. On the ground that said plea shows that the justice court of James Ozeley did not have jurisdiction of the offense charged in this indictment. 2d. On the further ground that James Ozeley, a justice of the peace, did not have jurisdiction to render a final judgment discharging the defendant on the charge contained in the indictment against this defendant. 3d. On the further ground that said plea does not show that James Ozeley rendered any such judgment as would be a bar to a prosecution under the indictment here presented." This demurrer was sustained, and upon the trial the defendant was convicted of grand larceny and sentenced to the penitentiary for three years.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State. The plea should have set out the former charge, and according to weight of authority the judgment of

conviction.—*Cross v. State*, 117 Ala. 73; *Henry v. State*, 33 Ala. 389; *Foster v. State*, 39 Ala. 229; *Smith v. State*, 52 Ala. 407.

TYSON, J.—Prior to the adoption of the present Code the stealing of property from a dwelling house, storehouse or warehouse, etc., without regard to its value, was grand larceny. The crime as thus denounced, was single and divisible and involved in it no lower grade of the offense than the one charged in the indictment. Code of 1886, § 3789; *Stone v. The State,* 115 Ala. 121. Under the present statutes, where the larceny is from a dwelling house, store house or warehouse, etc., the crime may be grand or petit larceny, depending upon the value of the personal property stolen. If it is of the value of five dollars or more, the stealing of it is grand larceny; if of less value than five dollars, it is petit larceny.—Code, §§ 5049, 5050.

It cannot be seriously doubted that, under the statutes, if a defendant is indicted for the *felony,* if the evidence should show the value of the article stolen was less than five dollars, that a conviction may be had for the lesser offense.—Code, § 5306; *Cohen v. The State*, 50 Ala. 108. Of this lesser offense the justice of the peace had jurisdiction.—Code, § 4630. And if the affidavit upon which the defendant was tried by the justice charged petit larceny of the pistol and he was acquitted, then under the authority of *Moore v. The State,* 71 Ala. 307, his acquittal, unless procured by fraud, connivance or collusion on his part, is a bar to this prosecution.

The first and second grounds of demurrer to defendant's plea of former acquittal proceed upon the idea that the plea affirmatively shows that the justice of the peace who tried him had no jurisdiction. They were doubtless framed with reference to the statute as it existed in the Code of 1886, overlooking the change in it, pointed out above. The remaining ground asserts that it was essential that the judgment of acquittal be shown by the plea. While it has been repeatedly held by this court that a failure to set out in plea the written complaint on which the justice proceeded was a

defect which could be reached by demurrer, it has never been ruled that it is necessary that it should set out the judgment rendered.—*Cross v. The State,* 117 Ala. 73, and authorities therein cited. In our opinion, an averment of an acquittal is sufficient, without setting out the judgment rendered, which must, of course, be proved by the record of such judgment. The plea was not subject to the demurrer, in whatever other respect it may have been defective.

Reversed and remanded.