# The State *v.* Blevins.

## *Petition for Habeas Corpus.*

1. *Jeopardy; right of court to bind over defendant to answer for greater offense.*—Where the trial of a defendant, under a charge for a misdemeanor, before a tribunal of competent and final jurisdiction, proceeds to the conclusion of the evidence and reaches the stage calling for a judgment of the court on the issue as made, such defendant is placed in jeopardy; and the court before whom he is tried is without power or jurisdiction to bind such defendant over to a higher tribunal to answer for a greater offense for the same act for which he was tried.

APPEAL from the Order of the Judge of the City Court of Mobile.

Heard before the Hon. O. J. SEMMES.

The appellee in this case, William Blevins, filed his petition for *habeas corpus*, addressed to the judge of the

[The State v. Blevins.]

city court of Mobile, in which he asked to be discharged. The facts of the case are sufficiently stated in the opinion.

CHAS. G. BROWN, Attorney-General, cited *Thomas v. State,* 100 Ala. 101; *Littlefield v. State,* 35 Am. Rep. 335; *Moore v. State,* 71 Ala. 307; *Danzey v. State,* 68 Ala. 296; *Com. v. Sullivan,* 156 Mass. 487; *Com. v. Harris,* 8 Gray 470; Clark's Criminal Proc., 82, 83; *Stone v. State,* 35 N. E. Rep. 133.

LESLIE B. SHELDON, *contra,* cited *Ex parte Pruitt,* 99 Ala. 225; *Moore v. State,* 71 Ala. 307; *Gunter v. State,* 111 Ala. 23; *Cross v. State,* 117 Ala. 73; *Grogan's Case,* 44 Ala. 9; *Ned's Case,* 7 Port. (Ala.) 187; *McCauley's Case,* 26 Ala. 135; *Lyman's Case,* 47 Ala. 686; *Powell's Case,* 19 Ala. 577; *Ex parte Vincent,* 43 Ala. 402; *Bell's Case,* 48 Ala. 684; *Cook's Case,* 40 Ala. 39; *Foster's Case,* 88 Ala. 82; *Jackson's Case,* 102 Ala. 76; *Haye's Case,* 107 Ala. 1.

DOWDELL, J.—This appeal is prosecuted by the State from an order of the judge of the city court of Mobile discharging the petitioner on *habeas corpus.*

The prisoner was arrested on a warrant issued by the judge of the inferior criminal court of Mobile county, on an affidavit made by one Mary Junius, charging the defendant with an assault and battery on the affiant. The warrant was made returnable before the judge of said inferior criminal court. A day was set for the trial, and at which time the trial was entered upon, the defendant interposing the plea of not guilty. After the introduction of evidence by the State and defense, and upon the conclusion of the argument of counsel, the judge of the inferior court made and entered upon the docket the following order: "State v. Willis Blevins." "Assault and Battery." "On hearing the evidence in this case it appears to the court that the offense of an assault with intent to ravish has been committed, and that there is probable cause to believe that the defendant is guilty thereof, wherefore it is

ordered and adjudged that unless the defendant enter into a bond in the sum of five hundred dollars with good and sufficient surety for his appearance to answer said charge at the next term of the city court of Mobile, Alabama, and from term to term thereafter until legally discharged, he be detained in the Mobile county jail until legally discharged." "April 26th, 1902."

Pursuant to this order a *mittimus* in due form was issued committing the defendant to jail, and under and by virtue of which he is now held in custody.

It is conceded that but one assault was committed, and that the assault and battery for which he was arrested and tried on the affidavit and warrant, and the assault with intent to ravish, for which he was committed, was the same offense.    It is also admitted that there was no fraud or collusion in the suing out of the affidavit and warrant of arrest for the assault and battery.    The case presented is whether or not the defendant was put in jeopardy, in the proceeding against him for an assault and battery.

That the inferior criminal court of Mobile county has final jurisdiction in cases of assault and battery is not questioned.    This court, under the act amendatory of the act of its creation, is given final jurisdiction of all misdemeanors concurrent with that of the city court of Mobile.—Acts, 1900-1901, p. 2575. In the trial of misdemeanors before the judge of the inferior criminal court, the proceedings are commenced on affidavit and warrant as in the county court, under the provisions of Chap. 142 of the Criminal Code. The proceeding against the defendant for an assault and battery was commenced under the provisions of this chapter. The affidavit upon which the warrant of arrest issued, was the complaint, and on this complaint the judge of the inferior court had jurisdiction to try the case and render final judgment.

The felonious assault for which the defendant was bound over embraced the minor offense of assault and battery for which he was arrested and put on trial. If the defendant had been convicted for the assault and battery it would not for a moment be contended that

he could again be tried and punished for the assault with intent to ravish. To do so, would be in violation of an organic law, that no person shall for the same offense be twice put in jeopardy of life or limb. While cases are to be found in other jurisdictions which hold that on an acquittal or conviction for a minor offense, and the defendant is afterwards put on trial for the greater offense, which embraced the former, no jeopardy arises, this court is thoroughly committed to the contrary doctrine. The State cannot elect to prosecute and try a person for a lower grade and then put him on trial for a higher grade of the same offense.—*Moore v. State*, 71 Ala. 307; *Gunter v. State*, 111 Ala. 23; *Storrs v. State*, 129 Ala. 101.

At what stage in the particular case jeopardy arises, has in some instances been of serious and doubtful question, but there exists no room for doubt or question in the present case. The trial of the defendant here, upon issue joined on the plea of not guilty, before a tribunal of competent and final jurisdiction, had proceeded to the conclusion of the evidence, and reached the stage calling for a judgment of the court on the issue as made. There can be no doubt that the defendant was thus placed in jeopardy, and it follows that the order of the judge of the city court of Mobile appealed from discharging the prisoner, must be affirmed.