(126 So. 177)
### JEFFRIES v. STATE. (8 Div. 968.)

Court of Appeals of Alabama. Feb. 11, 1930.

Appeal from Circuit Court, Madison County; Paul Speake, Judge.

Douglass Taylor and John E. McEachin, both of Huntsville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant was tried under an indictment charging murder in the second degree, and convicted of the offense of manslaughter in the second degree.

The essential facts, briefly, are, that appellant was a police officer of the city of Huntsville, on duty at the time of the killing of deceased; he, with another police officer, likewise on duty at the time, went, at night, in answer to a telephone call, to a certain part of said city, to investigate a reported burglary, or attempted burglary, of one Hall's store; reaching the said store, and beginning the investigation, evidences of the burglary, or attempted burglary, were found by the officers, and a man found on the premises, under such circumstances that they were authorized to conclude that he was implicated in the crime; they undertook to halt, or to arrest him, and, in doing so, a situation arose in which appellant shot said man, intentionally, and killed him. Upon the trial, the shooting of deceased intentionally, under such circumstances that death would likely result, was admitted, but the defense interposed was the dual one of "self-defense," or "shooting in order to apprehend a felon," etc., or "in order to prevent the commission of a felony," etc.

"Manslaughter, by voluntarily depriving a human being of life, is manslaughter in the first degree; and manslaughter committed under any other circumstances is manslaughter in the second degree." Code 1923, § 4460.

"Manslaughter in the second degree is when the homicide results from the commission of a misdemeanor, or civil tort, but which result was not intended or contemplated." Mitchell v. State, 60 Ala. 33. Another definition of manslaughter in the second degree is: "Generally it is defined as the unintentional killing of another in the commission of an unlawful act. However, when death is produced by an intentional blow, but without malice or the intention to kill, if the blow was wrongful, this would be manslaughter in the second degree, commonly called 'involuntary manslaughter.'" Sawyer v. State, 20 Ala. App. 504, 103 So. 309.

In this case, as was said in the opinion in the case of Stoball v. State, 116 Ala. 454, 23 So. 162, 163, we, after a careful reading of all the testimony, may say: "There was not a fact or circumstance in evidence having a tendency to reduce the killing to manslaughter in the second degree. Every fact in evidence tends to no other conclusion than that the killing was intentional. The instructions * * * in reference to manslaughter in the second degree were abstract. * * *" Or, perhaps, we might better say, as was said by this court in the opinion in the case of Rice v. State, 20 Ala. App. 102, 101 So. 82, 84: "The evidence was without conflict that the blow [in this case, shot] which resulted in the killing was aimed at the person slain, and manslaughter in the second degree has no place in the case. The homicide was either murder or manslaughter in the first degree, or was excusable. Death caused by a blow intentionally inflicted with an instrument calculated to produce death, unless shown to have been done in self-defense [or, we may interpolate, for the purposes of this case, otherwise excusable], can never be less than manslaughter in the first degree"—citing Compton v. State, 110 Ala. 24, 20 So. 119; Collier v. State, 69 Ala. 247; Ex parte Brown, 65 Ala. 446.

In the light of the law as we have quoted it, above, and from an examination of the evidence in this case, we are persuaded that, to allow the judgment of conviction of the offense of manslaughter in the second degree, from which this appeal is taken, to stand, would be making a farce of the law. Under the undisputed evidence in the case, appellant was guilty of the offense of murder, or manslaughter in the first degree, or nothing. There is no phase of the evidence that supports the verdict of the jury finding appellant guilty of manslaughter in the second degree. Appellant's motion to set aside the verdict of the jury, and the judgment rendered thereon, on the ground that said verdict was contrary to the evidence, should have been granted, and for the error in its refusal the judgment of conviction appealed from is reversed. Since it is apparent that appellant has been, by the verdict of the jury, acquitted of the only offenses the evidence tends to show, and since it is apparent that a conviction for manslaughter in the second degree cannot be sustained, it is hereby ordered that appellant be discharged from further custody.

Reversed and rendered.