(130 So. 374)

# GUTHRIE v. STATE.

## 5 Div. 809.

Court of Appeals of Alabama.
June 17, 1930.

Rehearing Denied Aug. 19, 1930.

Pruet & Glass and A. L. Crumpton, all of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was a deputy sheriff of Clay county, Ala. He shot and killed one Clarence Bailey.

The contention of the state, as we gather from the evidence in the record, was that appellant, finding a jug or bottle of whisky hidden in the woods, concealed himself nearby, and, when deceased came to and picked up said whisky, appellant was discovered by deceased; that deceased fled, pursued by appellant, who fired his pistol several times during the chase, the bullet from one of which shots struck deceased in the back of his head, causing his death; that the act of appellant in so shooting deceased was deliberate and without shadow of justification.

The contention of appellant was not circumstantially different from that of the state, except that appellant contended that the shots, prior to the last one, which last one caused the death of deceased, were not fired by him toward, or aimed at, deceased, but were fired in the air to frighten deceased into stopping, and that the *last* shot, which shot caused deceased's death, was purely an accidental shot, fired unintentionally, even unconsciously, as a result solely of appellant's stumbling and falling while holding his pistol lawfully in his hand.

The occurrence took place in Clay county, but, upon appellant's motion, a change of venue was granted, and the trial had in Coosa county. Code 1923, § 5579. He was tried under an indictment charging him with the offense of murder in the first degree, convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of ten years.

Prejudicial error cannot be predicated on the refusal of the trial court to allow the appellant's question on cross-examination of the state's witness Dr. S. J. Gay, as to whether or not appellant had been for several years of the time witness had known him "school treasurer of the public schools in Ashland,".

this for the reason that the same information was elicited from other witnesses, and the fact that appellant *was* such treasurer was an undisputed item in the evidence. No harm could possibly have been done appellant by the refusal to allow this question, and we would not hold the action stated reversible error. Supreme Court Rule 45.

Appellant's able counsel state, and correctly so, we think, in their excellent brief filed on this appeal: "This case presents a state of facts which is practically without conflict," etc.

. For this very reason we are of the opinion that the refusal of the trial judge to allow the several questions by appellant, on cross-examination, to the state's witness Mack, as to where he came from, when he came, where he was staying, what he was doing, etc., if error, and it technically perhaps *was*, was error that could have worked no injury to appellant, and hence could not serve as the basis for a reversal of the judgment of conviction. Supreme Court Rule 45.

■ Again appellant's counsel state in their brief filed here:

"* * * That the deceased, together with Mack came to the whiskey and that the deceased picked it up and on seeing the officers ran; that the officers commanded them to stop and that they continued to run across the hill; that the hill was covered with pine trees and pine straw. It is undisputed that both the deceased and the defendant fell before the final shot was made; that the deceased fell first and that after the defendant had passed the point where the deceased fell that he fell and that at this time his gun was discharged. It is undisputed from this record that this was the last shot fired and that this was the shot that killed the deceased. It has been the theory of the defendant and is the theory of the defendant that the shot was purely an accident and that he is either guilty of murder in the first degree or that he is guilty of nothing. If he fired the shot with the intention of killing the deceased he would be guilty of murder in the first degree, and that on the other hand if he had no intention of firing the shot, but that it was accidentally fired in his falling, then in that event he would be guilty of no wrong and therefore not guilty.

"It is the earnest insistence of the defendant that no element of self defense is properly brought in this case as he has never plead it and has never insisted on it, and (offered) no testimony in the least attempting to set up any self defense. It is admitted by the defendant that he was endeavoring to arrest him (deceased) for a misdemeanor and that he was fleeing and making no effort to do the defendant any wrong or hurt him in the least other than to escape. All of these facts are without dispute."

From the above, it appears that no harm was done to appellant by the admission of the testimony of the witness Z. T. Wood as to appellant's having admitted to him the shooting, etc., of deceased, and this, without reference to whether or not a proper predicate was laid for the admission of testimony as to a "confession." The so-called "confession" to Wood contained nothing more than what is admitted in the case.

■ Whatever might be said of the propriety, vel non, of the remarks made by the court to the jury, upon their being brought before him, after they had been deliberating upon the case for some twenty four hours, and before they had reached an agreement, we seem to be unable to review his said action—meaning by that, the language he used —for the reason that no exception was reserved to same at the time. Meadows v. State, 182 Ala. 51, 62 So. 737, Ann. Cas. 1915D, 663.

■ There was no error in giving at the request of the state its written charge No. 4. Martin v. State, 77 Ala. 1.

■ ■ There was no error in giving at the request of the state its written charge No. 13. Holland v. State, 162 Ala. 5, 50 So. 215. The same is true with reference to its written charge No. 14. Id.

■ Appellant's written, requested, refused charge A—1, and other charges of like import, dealt with matters extraneous to any issue in the case, and there was therefore no error in refusing them.

■ Appellant's written, requested, refused charges A—14, and A—15, are mere arguments, and hence properly refused.

■ Besides, an ample oral charge by the court, there were given, at the request of appellant, sixty-three written instructions. We have examined each of the appellant's written, requested, refused charges, other than those hereinabove mentioned, and are of the opinion, with reference to each of them, that, if it is not abstract, involved, confusing, or incorrect, the substance of same was fully and completely given to the jury, either in the trial court's oral charge, or in some other written charge given at appellant's request.

■ If, indeed, as earnestly insisted by appellant, his shooting and killing of deceased was an unavoidable accident, a grievous miscarriage of justice has come about in his conviction. But, so far as we can observe, after much careful study, the issues in the case were correctly and meticulously outlined to the jury who tried the case. *Only* a jury, as we see it, would be competent to

decide as to the comparative weight of the evidence offered on behalf of the state and that offered on behalf of appellant. There appears nothing in the record that would seem to justify us in substituting *our* opinion as to what the evidence shows beyond a reasonable doubt for that of the jury's.

While a reading of the evidence in the case does seem to indicate that appellant was guilty of murder in the, first degree or nothing, yet, as we have stated, the issues were properly left to the jury, and we are not convinced that there was *no* evidence to support the verdict they returned in such sort that the rule we declared in Jeffries v. State 23 Ala. App. 401, 126 So. 177, should apply.

We can discover nowhere any prejudicial error, and the judgment of conviction must be, and is, affirmed.

Affirmed.