(137 So. 454)

## BREWER v. STATE.

6 Div. 981.

Court of Appeals of Alabama.
June 16, 1931.

Rehearing Denied June 30, 1931.

See, also, 23 Ala. App. 35, 120 So. 301.

Foster, Rice and Foster, of Tuscaloosa, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

412

SAMFORD, J.

It is first contended that the court erred in sustaining the state's demurrer to defendant's pleas of former jeopardy.

■ The rulings of the court on demurrer to plea 1 may be disposed of for the very obvious reason that the plea does not aver an abuse of the discretion placed in the trial judge by section 8696 of the Code of 1923. The statute fixes the reason for a discharge of the jury and of necessity leaves it to the opinion or discretion of the judge or court to determine whether or not the reason as fixed by law really exists. Andrews v. State, 174 Ala. 11, 56 So. 998, Ann. Cas. 1914B, 760.

■ As to defendant's plea 2, the rulings of the court on demurrer were also without error. The rule governing in matters of this kind is clearly and fully stated in Spelce v. State, 20 Ala. App. 412, 103 So. 694, in which case this court, speaking through Foster, J., cited instances in which trial courts were authorized to enter a mistrial over the objection of the defendant, to which we now add cases in which it is ascertained after trial begun that one of the jurors engaged on the trial is related within the inhibited degree to one of the parties or, as in this case, to the dead man.

Section 8696, supra, does not authorize the trial judge to fix the reason for the discharge, but to determine if the reason exists. When the reason is ascertained to exist, the trial judge determines that, based upon that fact, the ends of justice would be defeated if the trial proceeded to verdict, it becomes his highest duty to order a mistrial, and, when he so acts, appellate courts will not revise his judgment except in cases of abuse, plainly shown. Andrews v. State, supra.

■ The defendant now complains that he was convicted of assault and battery when, under the facts, he should have been convicted of manslaughter or acquitted of all criminality. In support of this contention, we are cited several authorities, among which is our own case of Jeffries v. State, 23 Ala. App. 401, 126 So. 177, in which Rice, J., has well stated the law of that case and of all similar cases. But the case at bar involves a very different principle. The act constituting manslaughter in the second degree is not necessarily included in a charge of homicide in the higher degree, while every case of manslaughter in the first degree ex necessitate includes an assault and battery, and, when so charged in an indictment, becomes merged into the higher degree. If however, the indictment charged an assault and battery, a trial on that charge would preclude a subsequent trial for a higher degree of the crime based upon the same facts. Storrs v. State, 129 Ala. 101, 29 So. 778; Buchanan v. State, 10 Ala. App. 103, 65 So. 205; Jackson v. State, 136 Ala. 96, 33 So. 888.

■ An indictment charging murder includes a charge of all lesser degrees of the crime, including assault and battery, and on the trial a defendant may be convicted of such degree of the crime as is necessarily included in the facts. Code 1923, § 8697; Beason v. State, 5 Ala. App. 103, 59 So. 712.

We find no error in the record, and the judgment is affirmed.

Affirmed.