143 So. 207

## GIBSON v. STATE.
### 5 Div. 884.

Court of Appeals of Alabama.
May 10, 1932.

Rehearing Denied June 30, 1932.

198

Paul J. Hooton, of Roanoke, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

SAMFORD, J.

The defendant was indicted on a charge of murder in the first degree, and on her trial was convicted of manslaughter in the first degree and sentenced to five years in the penitentiary.

The homicide occurred at the house of defendant about 11 o'clock at night. There was some evidence tending to prove that deceased was the paramour of defendant, and that she invited him into the house, and, when he came in, that defendant shot him. There was other evidence tending to prove a rencounter in which deceased attacked defendant with a knife, and that she shot in self-defense. These questions were submitted to the jury under a full and fair charge of the court, and the verdict rendered by them was responsive to the evidence and to the law as given them in charge by the court. No exceptions were reserved to the court's oral charge, and, if there had been, they must have been without merit.

■ It is insisted by appellant that the evidence only justified a verdict of murder in the highest degree or on acquittal. This contention is not borne out by the record. There was evidence which, if believed beyond a reasonable doubt, would justify a verdict of manslaughter. Moreover, the jury having found that the killing was unlawful and that defendant was guilty, she cannot complain that the jury fixed the degree below that justified by the evidence.

■ There are thirty-two refused charges, most of which deal with the question of a reasonable doubt. To discuss these charges separately would extend this opinion to unusual and unnecessary length. Indeed appellant's counsel seems to recognize this, as the most of these charges are grouped in his brief, with the statement that this court is familiar with the principles involved and to be applied. We have read these charges carefully, and in each instance, where the law is correctly stated, the same charge, or in substance the same charge, had already been given to the jury by the court in his oral charge or by written charges given at the request of defendant.

■■ As to these charges to which our special attention is called in brief, we have to say: Refused charge 31 is covered by given charge 28 and the oral charge of the court; charge 51 is an argument pure and simple; charge 53 is covered by the oral charge; charge 55 being the general affirmative charge, and the evidence being in conflict, was properly refused.

Under authority of Cobb v. Malone, etc., 92 Ala. 630, 9 So. 738, this court will not disturb the ruling of the trial judge in overruling defendant's motion for a new trial.

Rulings of the court on the admission of evidence were free from error.

We find no error in the record, and the judgment is affirmed.

Affirmed.