182 So. 410

**THOMPSON v. STATE.**

**7 Div. 384.**

Court of Appeals of Alabama.

June 21, 1938.

C. A. Wolfes, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appellant admittedly killed Bernard Miller, the deceased named in the indictment, by shooting him with a pistol, on the 15th day of December 1934.

At the Spring Term 1935, of the circuit court of DeKalb County, the grand jury returned an indictment against appellant charging him with the offense of manslaughter in the first degree.

At the August Term 1937, of said court, the defendant was put to trial upon said indictment, and was convicted of the offense of manslaughter in the second degree, and, as the law requires, the jury fixed his punishment. The verdict being: "We the jury find the defendant guilty of manslaughter in the second degree and fixed his punishment at twelve months hard labor for the county and fine of five hundred dollars." In accordance with the verdict, the court properly adjudged the defendant guilty of manslaughter in the second degree and duly sentenced him to hard labor for the county for twelve months. The fine and cost not being presently paid, nor judgment confessed therefor, the court further sentenced defendant to hard labor for the county, as provided by statute. From the judgment of conviction this appeal was taken.

The record was filed in this court on May 18, 1938, and submission here was had on May 26, 1938; nearly four years after the commission of the offense complained of.

Upon the trial in the lower court numerous witnesses were examined, but in this connection no objections were interposed, no rulings of the trial court invoked, hence no exceptions reserved.

The only questions presented on this appeal are the action of the court in overruling defendant's motion for a new trial, wherein exception was reserved; and the refusal to defendant of several written charges.

■■ Upon the hearing of the motion for a new trial, nothing was offered in support thereof, except the evidence adduced upon the main trial. That evidence, in our opinion, would have justified the jury in returning a verdict of guilty of manslaughter in the first degree, and indeed such a verdict would have been more intelligent and responsive, but the jury under the law were empowered to find the defendant guilty of the lesser offense of manslaughter in the second degree, which they did, and of which the defendant has no right to complain; but should feel deeply thankful to the jury for the manifest leniency in so doing. There was no error in overruling said motion.

■ The explicit and thorough oral charge of the court, coupled with the charges given at request of defendant, fairly and substantially covered such of the refused charges as properly stated the law. The statute (Section 9509 of the Code 1923) expressly provides the refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge, or in charges given at request of parties.

There was no error of a reversible nature committed on the trial of this case. The record proper being regular and without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.