263 So.2d 712

Walter IVERY

v.

STATE.

3 Div. 105.

Court of Criminal Appeals of Alabama.

June 13, 1972.

William P. Haney, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was charged with murder in the first degree but convicted of manslaughter in the first degree and sentenced to ten years imprisonment.

In the oral charge to the jury the court instructed the jury in part as follows:

". . . So the only three verdicts that you may return in this case is, first, we the Jury find the Defendant not guilty; second, we the Jury find the Defendant guilty of murder in the second degree and fix his punishment at imprisonment in the penitentiary for not less than ten nor more than life; third, we the Jury find the Defendant guilty of manslaughter in the first degree and fix his punishment at imprisonment in the penitentiary for any number of years from one to ten, not less than one nor more than ten. . . ."

This portion of the charge was excepted to by the appellant's attorney on the grounds that it was an attempt to limit the number and type of verdicts that the jury was entitled to return under the testimony because of the failure to charge on manslaughter in the second degree. In addition thereto the same point was raised by two requested written charges which were refused by the court. One of the written refused charges was as follows:

"The court charges the jury that manslaughter in the 2nd degree is also a lesser included offense of the crime charged."

In the action of the court set out above we think there was reversible error.

The evidence offered by the State tended to show that the appellant on Sunday,

May 11, 1969, appeared at the home of his wife's mother on John Morris Avenue in Montgomery where his wife, her mother, one of her aunts and her grandfather were present. The wife answered the knock on the front door and appellant immediately began an altercation with her in which she was physically injured and screamed for help. Her aunt, mother and grandfather all came out on the front porch at which time appellant struck one of the women and also struck the grandfather, Aaron McWilliams, with what appeared to be a short piece of iron. The blow was on McWilliams' hip and knocked him down at the time. He was later carried to the hospital where a diagnosis of a broken hip was made and an operation performed by a physician, Dr. L. Clyde Sheehan, Jr.

The grandfather, McWilliams, was over eighty years of age at the time and lived until June 5, 1969. The attending physician testified that he did not know what the cause of death was, but that he signed the death certificate showing a pulmonary embolism as the cause of death. The last witness for the State, State Toxicologist, Dr. C. J. Rehling, testified that in his opinion after an autopsy was performed by him the deceased died from a blood clot lodged in certain arteries within the heart blocking the flow of blood into the heart and that the clots originated in the area where the hip was broken. He determined this by dissection of the arteries and veins involved in the heart and the area of his hip which was broken and matching the clots, the ones found in the heart with a part of the clot left in the hip area. Other injuries suffered by the women involved in the altercation with the appellant need not be detailed here as they are not material to the issue to the case at bar.

Under the facts developed by the evidence by the State in this case we think it was a question for the jury to decide and for the court to charge on manslaughter in the second degree, which is one of the lesser offenses included in an indictment charging murder in the first degree.

The case of Keel v. State, 29 Ala.App. 191, 194 So. 416, states:

"As stated, the indictment charged murder in the first degree. Under Section 8697 of the Code 1923, it was within the province of the jury to find the defendant guilty of any lesser offense included in the greater offense charged. In such charge there are included the lesser offenses of murder in the second degree, manslaughter in the first degree, and also, the second degree, and also assault, and assault and battery. . . ."

Manslaughter in the second degree is the unlawful killing of another human being without malice and without intent to kill or to inflict injury resulting in death, but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor or accidentally committed by accused when he was doing a lawful act but in a grossly negligent or improper manner. Touchstone v. State, 42 Ala.App. 141, 155 So.2d 349; Wilson v. State, 32 Ala.App. 591, 28 So.2d 646.

We think what was said in Duncan v. State, 30 Ala.App. 356, 6 So.2d 450, is appropriate to the issues in this case. In that case this court speaking through Judge Simpson said:

"It is axiomatic that while a specific intent to kill is not a necessary ingredient of manslaughter—although it may be present—yet to constitute voluntary manslaughter 'the killing not only *may* but *must*, be wilful or intentional.' 29 Corpus Juris 1124, Section 116.

"Likewise, 'when death is produced by an intentional blow, but without malice or the intention to kill, if the blow was wrongful, this would be manslaughter in the second degree, commonly called "involuntary manslaughter."' Sawyer v. State, 20 Ala.App. 504, 103 So. 309; Jeffries v. State, 23 Ala.App. 401, 126 So. 177. In other words, even though the blow producing death might have been

wrongful and intentionally struck, it would be no more than manslaughter in the second degree if perpetrated without malice or intention to kill. Under the unusual circumstances of the death of deceased, it certainly could not be affirmed as a matter of law (granting that it produced the death) that the blow was delivered with intention to kill. Under these circumstances, decision of the question, vel non, of the defendant's guilt of manslaughter in the second degree should have been submitted to the jury.

" 'The court is the judge of the law of the case, and in the exercise of this power determines the legality and admissibility of the evidence offered. *An indictment for murder in the statutory form includes manslaughter in the first and second degrees.* The plea of not guilty puts in issue those several degrees of the charge of homicide included in the indictment.' (Emphasis supplied.) Dennis v. State, 112 Ala. 64, 66, 20 So. 925.

" 'It is much the safer rule to charge upon *all the degrees of homicide* included in the indictment, when a party is on trial for murder, unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree.' (Our italics.) Pierson v. State, 99 Ala. 148, 153, 13 So. 550, 552 . . . . "

■ After a careful review of the testimony in the light of the above cited authorities, we are convinced that it was for the jury and not the court to say, from the facts presented, of what offense the appellant could be convicted. This being so the court, by limiting instructions to the law of murder in the second degree and manslaughter in the first degree and refusing to charge on manslaughter in the second degree, fell into reversible error.

While assault and battery or simple assault are also lesser offenses charged in an indictment for murder in the first degree we do not think under the facts in this case it was necessary for the court to charge upon these offenses. *Duncan,* supra.

In brief the appellant complains that the expert testimony given by Dr. Rehling was inadmissible because he was not shown to be properly qualified as an expert.

■ After the State had apparently made its attempt to qualify Dr. Rehling as an expert, an objection was made to his testimony as to the cause of death on the grounds that he was not shown to be properly qualified. However, no ruling was made on this objection and upon the suggestion of the court the question was rephrased and answered without further objection by the appellant. Where no timely objection is made to a question the appellant waives his right to have this court pass upon its propriety. Carpenter v. State, 42 Ala.App. 618, 174 So.2d 336; Alabama Digest, Criminal Law ☜698(1). There is therefore nothing for this court to act on in the state of the record. However, in view of another trial it might be well to observe that the educational qualifications of Dr. Rehling were fully examined by the State though there was no evidence offered as to his actual experience in performing autopsies and performing the duties about which he testified in the case at bar. We are aware of the rule that the qualifications of an expert witness rests in the sound discretion of the court. Kozlowski v. State, 248 Ala. 304, 27 So. 2d 818; Alabama Digest, Criminal Law ☜1153(2). We do not wish to be understood as ruling upon this question now since the judgment in this cause must be reversed and the cause remanded for the reasons heretofore stated.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Reversed and remanded.

All the Judges concur.