294 So.2d 454

J. C. McWILLIAMS

v.

STATE.

3 Div. 237.

Court of Criminal Appeals of Alabama.

March 5, 1974.

Rehearing Denied March 26, 1974.

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant was indicted for murder in the first degree, tried and convicted of manslaughter in the first degree, and sentenced to eight years imprisonment in the penitentiary.

The main insistence of appellant in brief for reversal is that the court erred in refusing certain written charges requested by the appellant, which are hereinafter set out. At the request of the appellant the court gave eight and refused seven written charges.

The refused charges, above referred to, are hereinafter set out as follows:

"Charge No. 5—Unless the jury believe beyond a reasonable doubt from the evidence in this case that the defendant intentionally fired the gun that killed the deceased, they will return a verdict of not guilty.

"Charge No. 7—The Court charges the jury that after considering all the evidence they find the killing was not unlawful, willful, premeditated, or deliberate, but the result of an accident, you should find the defendant not guilty.

"Charge No. 9—If the defendant did not intend to kill the deceased, then you cannot convict him of murder in the first or second degree.

"Charge No. 10—The Court charges the jury that unless they believe from the evidence beyond all reasonable doubt that the defendant shot intentionally and that it killed the deceased, then you should find the defendant not guilty.

"Charge No. 12—The Court charges the jury, if after considering all the evidence in the case, that tending to show guilt, together with that tending to show innocence, there should spring up involuntarily in the minds of the jury, from any part of the evidence, a probability of innocence of the defendant, the jury must find the defendant not guilty.

"Charge No. 13—The Court charges the jury that a person charged with a felony should not be convicted, unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt; no matter how strong the circumstances are, they do not come to the full measure

of proof, which the law requires, if they can be reasonably reconciled or construed with the theory that the defendant is innocent.

"Charge No. 15—I charge you, members of the jury that you must find the defendant not guilty, if the conduct of the defendant upon a reasonable hypothesis is consistent with defendant's innocence."

Refused charges No. 5 and 10 are incorrect statements of law, since they ignore the elements of manslaughter in the second degree. To convict of this degree of homicide the firing of the gun, producing the killing, is not required to be done intentionally.

Refused charge No. 7 was covered in substance by given charge No. 6, and even if otherwise good, its refusal was not error. Code of Alabama, 1940, Recompiled 1958, Title 7, Section 273; Walker v. State, 265 Ala. 233, 90 So.2d 221; Nelson v. State, 35 Ala.App. 1, 46 So.2d 231.

Since the appellant was convicted of manslaughter rather than either degree of murder, the refusal of charge No. 9 renders this matter moot. However, charge No. 9 was covered by given charge No. 4.

Although the wording is not exactly the same the substance of charge No. 12 was condemned as a correct statement of law, where the court has charged on reasonable doubt, in Bankhead v. State, 33 Ala.App. 269, 32 So.2d 814. Also see Russo v. State, 236 Ala. 155, 181 So. 502, 505; Freeland v. State, 26 Ala.App. 74, 153 So. 294; Quinn v. State, 39 Ala.App. 107, 95 So.2d 273.

In Wilson v. State, 243 Ala. 1, 8 So.2d 422, the court condemned a charge of this nature, even though the trial court in its oral charge had charged on the reasonable doubt rule and the rule as to the burden of proof.

Charge No. 13 was held to be a proper statement of the law in Wilson v. State, supra, and its refusal reversible error. Nowhere in the oral charge of the court nor in any of the written charges given at the request of the defendant do we find the principles enunciated in this charge set out.

However, the language of this charge, as approved in Wilson v. State, supra, and Bryant v. State, 116 Ala. 445, 23 So. 40, does not contain the language, "or construed," following the words, "reasonably reconciled," in the last clause of the charge in question. Also, the factor that so little of the State's case derives from circumstantial evidence makes the refusal of this charge harmless. Johnson v. State, 42 Ala.App. 511, 169 So.2d 773. Its refusal was proper.

While refused charge fifteen was held to be a proper charge in Gregory v. State, 140 Ala. 16, 37 So. 259, the more recent Appellate Court opinions are committed to the view that the refusal of this charge is not error since such charge is not hypothesized on the evidence. Foster v. State, 37 Ala.App. 213, 66 So.2d 204, and authorities therein cited.

## II

There is no merit in the insistence in brief of appellant that the court erred in allowing the State to introduce a statement made by the appellant at the hospital before being advised of his constitutional rights. This statement was voluntarily made before the appellant was taken into custody, or subject to custodial police interrogation, or detained in any manner. The police officer in question was merely seeking information as to what had happened and the investigation at the time had not focused on appellant. Truex v. State, 282 Ala. 191, 210 So.2d 424.

The further complaint of appellant that he was denied the right to examine State witness Norton on voir dire is also

without merit. The record shows that the request was too late, and even so, immediately thereafter the appellant was allowed to examine the witness outside the presence of the jury and had the opportunity to go into this matter.

We have carefully considered the evidence set out in the record along with the objections made by appellant and the rulings of the court thereon. We find no error in this respect, nor in any other part of the record. It therefore follows that, having made our search, under Title 15, Section 389, Code of Alabama 1940, the judgment of the trial court is due to be and the same is hereby affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court, under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The Judgment below is hereby

Affirmed.

All the Judges concur.