BOWEN, Judge.
The appellant was indicted by a grand jury of Mobile County for the murder of one Jerry D. Morgan by stabbing him with a knife. A jury convicted the appellant of manslaughter in the second degree and set his punishment at six months in the county jail. The trial court entered judgment and sentence accordingly. Appellant’s retained trial counsel has been appointed to represent him on his appeal.
The only assignment of error is that the trial judge erred in his definition of felonious in his instructions to the jury.
From the evidence in this case it is apparent that Jerry D. Morgan and the appellant were archfoes, neither having any feeling of friendship for the other. The antagonism between these two individuals arose from an automobile accident during the summer of 1975, in which Morgan had hit the appellant’s car in the rear. The appellant then swore out criminal charges against Morgan and had him prosecuted. Subsequently, there was a fight between Morgan and the appellant in a bar called The Slave Galley. In that fight, Morgan, who was the taller and heavier of the two, “severely beat” the appellant and it took three men to pull Morgan off the appellant according to the appellant’s own testimony.
Then one fateful day in November of 1975, both the appellant and Morgan were again found frequenting The Slave Galley. Morgan, being “medium intoxicated”, either stumbled into, lunged at or hit the appellant who was sitting at the bar. The appellant, knocked off his stool but not to the floor and knowing that- Morgan could and would cause him serious bodily harm, drew his pocketknife in an asserted attempt to defend himself. The appellant testified that in an effort to shield his face from Morgan who continued swinging, he held his hand out with the knife in it. Immediately, either Morgan was pulled off the appellant or stopped swinging because the *553 appellant made his way to the back door of the club and drove home.
When Morgan got off the floor he was holding his neck and bleeding profusely. Morgan walked out the front door of the club, fell down on the sidewalk and there, literally bled to death. A coroner’s examination of the deceased revealed three stab wounds, one across the cheek into the upper part of the neck, one in Morgan’s back, and a third and the fatal wound to Morgan’s neck. The coroner testified that this third wound was actually a “stab” wound as opposed to a wound caused by a “slashing”.
The police arrested the appellant at his home and obtained a statement from him. At trial, this statement was admitted without objection after defense counsel stipulated that “the man (appellant) was read the rights. We waive any predicate”. In this statement, which the appellant later claimed he did not read before signing, the appellant admitted that he stabbed Morgan and intended to cut him, “I intended to get him off of me”. At trial, the appellant claimed that he did not know he had stabbed or cut Morgan and did not intend to kill him but only “to get him off of me”.
I
After the jury had begun their deliberations, the court was informed that they had a question. In open court, with all parties being present including the appellant, the following occurred:
“BY THE COURT: . . . What is the question?
“BY THE FOREMAN: Well, we would like a definition of first degree manslaughter and second degree manslaughter as stated by the law.
“BY THE COURT: All right. Manslaughter in the first degree is defined as a killing in sudden passion excited by sufficient provocation, but without malice. Manslaughter in the second degree is the unlawful killing of a human being without malice either expressed or implied and without legal intent to kill or inflict injury causing death committed accidentally in the commission of some unlawful act not felonious or in the improper or negligent performance of an act lawful within itself.
All right, there is a definition you will have to work with.
“BY THE FOREMAN: Could you give me a definition of felonious, please, sir? “BY THE COURT: Just a moment. I have to speak to both attorneys.
All right, gentlemen, the only way the court can define felonious for you is in this manner: To tell you that a felony is a public offense which may be punished by imprisonment in the penitentiary. All other public offenses are called misdemeanors.
Hfi s{: sjc
“BY MR. QUINLIVIN: Exception to the definition of felonious.
“BY THE COURT: All right, sir.”
The court recessed for the night, it being agreed by the appellant and his attorney that the jury would be allowed to separate during their deliberations. The next morning the jury resumed their deliberations and subsequently the court was informed that the jury wanted the court to repeat its definition of manslaughter in the first and second degree. After having redefined manslaughter in the first degree the court gave the following charge of manslaughter in the second degree:
“BY THE COURT: * * * Manslaughter in the second degree is the unlawful killing of a human being without malice either expressed or implied and without legal intent to kill or inflict injury causing death committed accidentally in the commission of some unlawful act not felonious, or in the improper or negligent performance of an act lawful within itself. And, the court has stated to you .that it is the unlawful killing of a human being without malice either expressed or implied without the legal intent to kill or commit injury — cause death accidentally in the commission of some unlawful act not felonious or in the improper or negligent performance of an act lawful within itself.
*554 So, the term felonious, the court is going to define it for you in this way. A felony under the law of the State of Alabama from which the term felonious is drawn is any public offense which may be punished by imprisonment in the state penitentiary. Any other offense would be a misdemeanor.
“BY MR. QUINLIVIN: Judge, the Defendant excepts to the definition of felonious.
“BY THE COURT: You may step back into the jury room to consider your verdict.”
Citing no Alabama authority in his brief, counsel for the appellant argues that “felonious means that an act must be done with a criminal intent”. The definition given by the trial court, says the appellant confused the jury and resulted in an unjust conviction.
Manslaughter in the second degree or involuntary manslaughter is defined as the unlawful killing of a human being without malice, either expressed or implied, and without intent to kill or inflict the injury causing death, committed accidentally in the commission of some unlawful act not felonious, or in the improper or negligent performance of an act lawful in itself. Johnson v. State, 94 Ala. 35, 10 So. 667 (1891); Davis v. State, 31 Ala.App. 508, 19 So.2d 356, cert. denied, 246 Ala. 101, 19 So.2d 358 (1944); Champion v. State, 35 Ala.App. 7, 44 So.2d 616, cert. denied, 253 Ala. 436, 44 So.2d 622 (1950). The phrase “some unlawful act amounting to a misdemeanor” is often substituted for the phrase “some unlawful act not felonious” contained in the above definition and as charged by the trial court. Steward v. State, 55 Ala.App. 238, 314 So.2d 313, cert. denied, 294 Ala. 201, 314 So.2d 317 (1975); Ivery v. State, 48 Ala.App. 257, 263 So.2d 712 (1972).
The appellant does not dispute the correctness of the trial court’s definition of second degree manslaughter but contests that court’s definition of the term “felonious”. The trial court defined felonious as being derived from the word felony and as referring to “any public offense which may be punished by imprisonment in the state penitentiary”.
Black’s Law Dictionary, 4th Edition, 1957, defines “felonious”, as the appellant states, as
“A technical word of law which means done with intent to commit crime;” the definition continues:
“of the grade or quality of a felony: such an assault on the person as, if consummated, would subject party making it, on conviction, to punishment of a felony.”
The Random House Dictionary of the English Language, 1967 Edition, defines “felonious” as
“1. Law, pertaining to, of the nature of, or involving a felony: ... 2. Archaic, wicked; base; villainous.”
“Felonious” is defined in 36A C.J.S. 254. “The word ‘felonious’ is defined as meaning of, or pertaining to, or having the quality of, felony; proceeding from an evil heart or purpose; done with a deliberate purpose to commit a crime; . . ”
******
“The word ‘felonious’ is generally employed to classify offenses and it is not a distinct element of the crime. It is descriptive of the grade of the offense rather than the criminal act which constitutes the offense.”
See also 16 Words and Phrases 669, “Felonious”, applicable to misdemeanor, p. 672.
Considering the above, it is obvious that the appellant is correct in his definition of the term, yet so also is the trial court. To determine which meaning is proper we must look to the context in which the word was employed.
We have already demonstrated, in defining manslaughter in the second degree, how the phrase “some unlawful act not felonious” means “some unlawful act amounting to a misdemeanor”. As used in the oral charge of the trial court, “felonious” is employed to distinguish the various classes of offenses called felonies from those called misdemeanors.
*555 The trial court properly employed the term “felonious” in defining second degree manslaughter as referring to those offenses (felonies) which may be punished by imprisonment in the state penitentiary. That constitutes a correct and legal definition of a felony. Lashley v. State, 236 Ala. 1, 180 So. 717 (1938); Cook v. State, 60 Ala. 39, 31 Am.Rep. 31 (1877); Clifton v. State, 73 Ala. 473 (1883); Jackson v. State, 37 Ala.App. 335, 68 So.2d 850, cert. denied, 260 Ala. 698, 68 So.2d 853 (1954). To substitute the definition of “felonious” suggested by the appellant in the definition of second degree manslaughter would vitiate one of the elements of that crime. That would definitely make it confusing for the jury. To convict of manslaughter in the second degree, it is not necessary to prove that the killing was done intentionally. McWilliams v. State, 52 Ala.App. 487, 294 So.2d 454, cert. denied, 292 Ala. 731, 294 So.2d 457 (1974). Intent to kill is not required. Vul can Life Ins. Co. v. McDuffie, 57 Ala.App. 634, 331 So.2d 280, cert. denied, Ala., 331 So.2d 284 (1976).
From the record before us it only appears that the jury wished the court to restate its definitions of manslaughter. There is no evidence or hint that after the court defined “felonious”, the jury was confused as to the meaning of that word. It does not appear that they specifically requested the trial judge to redefine that particular word. Therefore, we are of the opinion that the charge and definition of the trial court were proper and in no way tended to confuse or mislead the jury.
Having reviewed the entire record as required by law and finding no error substantially prejudicing the rights of the appellant, this case is hereby
AFFIRMED.
All Judges concur.