LEIGH M. CLARK, Retired Circuit Judge.
Appellant (defendant) was indicted for murder in the first degree of Clyde Ottis Alverson III by shooting him with a shotgun. A jury found him guilty of manslaughter in the second degree.
One of the only two issues raised by appellant is that the trial court erred “in refusing to give the Defendant’s requested charges on withdrawal from a conspiracy. The charges are:
“25. If you find that the defendant withdrew from the conspiracy before the crime actually occurred, then you must find for the defendant on the charge of conspiracy.
“26. If you find that the defendant acted to defeat the purpose of the conspiracy, then you must acquit the defendant of the charge of conspiracy.
“27. If you find that the defendant acted to disavow the purpose of the conspiracy, then you must acquit the defendant on the charge of conspiracy.
“28. If you find that the defendant took affirmative steps or affirmative action to withdraw from the conspiracy, then you must acquit the defendant .of the charge of conspiracy that has been lodged against him.”
None of the charges was hypothesized upon a belief or finding “from the evidence.” This justified their refusal. Murrell v. State, Ala.Cr.App., 377 So.2d 1102, cert. denied, 377 So.2d 1108 (1979); Lewis v. State, Ala.Cr.App., 372 So.2d 882, cert. denied, 372 So.2d 885 (1979); Hudson v. State, Ala.Cr. App., 335 So.2d 208, cert. denied, 335 So.2d 211 (1976); Walker v. State, 265 Ala. 233, 90 So.2d 221 (1956).
In addition, the charges were misleading in their reference to “the charge of conspiracy.” Although in the court’s oral charge there was reference to a conspiracy in connection with the court’s instructions as to the criminal responsibility of defendant as an aider or abettor of the person who actually fired the shotgun and thereby killed the alleged victim, there was no “charge of conspiracy” against defendant.
The other issue raised by appellant is stated in his brief as follows:
“Once the jury had resolved the issue of a malicious, intentional or voluntary killing in favor of the Defendant, was there then sufficient evidence to hold the Defendant accountable for manslaughter in the second degree?”
*163 Counsel correctly states that the verdict of the jury constitutes in effect an acquittal of defendant of murder in the first degree, murder in the second degree and manslaughter in the first degree; he says also that the evidence was to the effect that the homicide was not unintentional, which would seem to exclude the crime of manslaughter in the second degree. He ingeniously argues therefrom that the conviction should not stand.
On March 23, 1979, at 7:30 or 8:00 P.M., the defendant, accompanied by his girl friend and his girl friend’s sister, went to the apartment of the alleged victim to purchase some marijuana. The victim refused to sell it to them. Thereafter, the defendant and his girl friend went elsewhere where they met Wayne Hurst and others. About 9:30 P.M., the defendant and Hurst, accompanied by four others, went in defendant’s automobile to the apartment complex containing the apartment where defendant had previously sought to buy marijuana from the alleged victim. The defendant and his girl friend then went to another apartment in the same complex. The victim was in that apartment at the time; defendant’s girl friend asked the victim if he would sell them some marijuana, and the victim again refused. An argument ensued between defendant and the victim, which upset defendant, who returned with his girl friend to the automobile and took his girl friend and her sister home. Defendant then went by his own home and put a spare tire and a shotgun in the trunk of his automobile.
Appellant then returned to the apartment he had last visited and was accompanied by Hurst and two others. Defendant left the automobile and told the others therein to stay there but that if they heard any trouble to get the gun out of the trunk. He left the keys to the trunk with one of the others in the automobile and went to the apartment he had last visited and where he had his argument with the victim. No one answered the door at that apartment, and defendant then went downstairs to the victim’s apartment.
In the meantime, Hurst had obtained the keys to the trunk. He took the gun from the trunk and went with one of the two others to the door of the victim’s apartment. Just after they arrived, the victim came to the door, belligerent in word and action. Hurst pointed the shotgun at the victim daring him to “whip my Defendant pleaded with Hurst to put the gun away; then he and the other man who had accompanied Hurst the last time to the apartment began to run and as they arrived at the automobile, they heard the gun go off. This proved to be fatal.
After the shooting occurred, Hurst ran and entered the automobile. The defendant, Hurst and the two others then left the scene, but shortly thereafter Hurst said that he had to go back to the apartment— that the shooting was his fault and he would take the responsibility. Upon being called as a witness for defendant in the instant case, Hurst exercised the privilege not to testify accorded him by the Fifth Amendment to the Constitution of the United States.
We think the jury could have determined from the evidence that whether or not defendant was a felonious participant in any intentional or voluntary killing by Hurst, defendant was at least grossly negligent in providing the shotgun that was used by Hurst in killing the alleged victim. Such conduct constitutes manslaughter in the second degree. Ivery v. State, 48 Ala.App. 257, 263 So.2d 712 (1972).
Although appellant is clearly correct in saying that the verdict of the jury has the effect of an acquittal of defendant of manslaughter in the first degree and murder in both degrees, he presents no authority for his contention that it necessarily follows therefrom, when coupled with absence of evidence that the homicide was unintentional, that the conviction of manslaughter in the second degree should be set aside. Whatever mistake the jury may have made in returning its verdict for a lesser offense than the evidence supports, the mistake was favorable to defendant, and he is not legally entitled to complain. Gibson v. State, 25 *164 Ala.App. 197, 143 So.2d 207 (1932); Thompson v. State, 28 Ala.App. 257, 182 So. 410 (1938); State v. Vestal, 283 N.C. 249, 195 S.E.2d 297 (1973); Mallette v. State, Miss., 349 So.2d 546 (1977).
We find no error in the record prejudicial to defendant as to the judgment of conviction, and such judgment of the trial court should be affirmed.
According to the record before us, the verdict of the jury was as follows, “We, the Jury, find the Defendant guilty of Manslaughter in the Second Degree as charged in the indictment and fix his punishment at one year.” The transcript shows that the form of the verdict was in accordance with the court’s instructions, as to which no objection was made or exception taken. The punishment for manslaughter in the second degree, at the discretion of the jury, is imprisonment in the county jail or hard labor for the county for not more than one year. Code of Alabama 1975, § 13-1-92. In the record before us of the record of the judgment and sentence of the court, we find:
“It is the judgment of the Court and sentence of the Law that defendant, the said Clyde Edward Guy, be imprisoned in the Penitentiary of the State of Alabama for a term of one year.”
If the record before us correctly reflects the place of imprisonment as shown by the judgment of the trial court and there are practical obstacles giving rise to legal grounds for an ad hoc variance from the place of imprisonment prescribed by statute, the record of the trial court should be clarified accordingly; if the statement in the judgment as to the place of imprisonment is in the nature of a clerical error that can be corrected by an amendment nunc pro tunc, such amendment should be made and entered. Otherwise, defendant should be resentenced, this time to imprisonment in the county jail for a term of one year. The case should be remanded to the trial court with directions that it proceed in accordance with this paragraph of this opinion.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
JUDGMENT OF CONVICTION AFFIRMED; REMANDED WITH DIRECTIONS AS TO THE SENTENCE.
All the Judges concur.