Respondent, Willie James Showers, was convicted in the Macon County Circuit Court of the crime of sodomy of a twenty-five year old retarded man and was sentenced to seven years' imprisonment. Appeal was taken to the Court of Criminal Appeals, 407 So.2d 167, which reversed the conviction on the ground that after the jury had deliberated for some time, the trial judge called the jury into court and inquired as to how the jury was split on the verdict. The petitioner, the State of Alabama, applied for rehearing and requested the finding of additional facts under Rule 39 (k), ARAP. An additional fact asserted by petitioner was that the respondent failed to object to the judge's inquiry as to how the jury was split and to the judge's admonition to the "holdout" to reconsider his feelings about the case. The Court of Criminal Appeals overruled petitioner's application for rehearing without opinion. This Court granted certiorari on March 23, 1981, to review the holding of the Court of Criminal Appeals. We reverse.
The first issue before this Court is whether the rule that the trial judge may not inquire into the numerical division of the jury, announced in Brasfield v. United States,272 U.S. 488, 47 S.Ct. 135, 71 L.Ed. 345 (1926), and Burton v. UnitedStates, 196 U.S. 283, 25 S.Ct. 243, 49 L.Ed. 482 (1905), is mandated by the Constitution or is merely a federal procedural rule. If constitutionally required, the rule must be adhered to; however, a rule of procedure to be followed by *Page 171 
federal courts is not necessarily binding on this Court.
At least one court has specifically addressed this question. In Sharplin v. State, 330 So.2d 591 (Miss. 1976), there was an inquiry by the trial judge into the numerical division of the jury. The defendant in Sharplin, as in the present case, citedBrasfield for the proposition that the request was per se reversible error. The court stated, "We conclude that Brasfield
was not grounded in a specific constitutional provision that has subsequently been applied to the states through the Fourteenth Amendment, but was announced as a rule of procedure to be followed in the federal courts," Sharplin v. State, 330 So.2d at 596. We agree.
Even though the conduct of the trial court constituted reversible error under the decisions of this Court, the error must have been reserved for review on appeal. The Court of Criminal Appeals did not address the State's request for a finding of additional facts. We accept as correct the State's assertion that there was no objection to the trial judge's inquiry to the jury and his admonition to the "holdout" juror. Rule 39 (k), ARAP. In light of the fact that there was no objection, the Court of Criminal Appeals should have ruled in accordance with its holding in Cook v. State, 333 So.2d 855
(Ala.Crim.App.), cert. denied, 333 So.2d 858 (Ala. 1976), which presented facts somewhat similar to those involved in this case. In Cook the court held:
 Appellant claims the trial court committed reversible error in making inquiry as to how the jury stood numerically after the jury reported they were unable to reach a verdict. The record indicates the jury stood nine to three, but there was no indication as to how the majority stood on the question of guilt or innocence.
 Under the cases of Gidley v. State, 19 Ala. App. 113, 95 So. 330 and Orr v. State, 269 Ala. 176, 111 So.2d 639, such inquiry on the part of the trial judge was held to be reversible error on the ground that the trial judge should not by word or deed give the least appearance of duress or coercion.
 It is never improper for the Court to urge upon the jury the duty of trying to reach an agreement so long as the Court does not suggest which way the verdict should be returned. Martin v. State, 29 Ala. App. 395, 196 So. 753; Jones v. State, 56 Ala. App. 444, 322 So.2d 735.
 However, we note in this case there were no exceptions reserved to the Court's supplemental charge. There was no motion for a mistrial and there was no motion for a new trial. In this posture of the record we cannot reach the claimed error. Shiver v. State, 49 Ala. App. 615, 274 So.2d 644; Daniels v. State, 53 Ala. App. 666, 303 So.2d 166; Wade v. State, 49 Ala. App. 601, 274 So.2d 626.
 We have carefully searched the record and have found no error upon which we can predicate a reversal. Accordingly, the judgment of conviction is affirmed.
Cook v. State, 333 So.2d at 858.
It is quite clear that under Alabama law a trial judge may urge a jury to resume deliberations and cultivate a spirit of harmony so as to reach a verdict, as long as the court does not suggest which way the verdict should be returned and no duress or coercion is used. Phoenix Insurance Co. v. Moog, 81 Ala. 335,1 So. 108 (1886); Strickland v. State, 348 So.2d 1105
(Ala.Crim.App.), cert. denied, 348 So.2d 1113 (Ala. 1977);Jones v. State, 56 Ala. App. 444, 322 So.2d 735, cert. denied,295 Ala. 408, 322 So.2d 741 (Ala. 1975). It is likewise clear that when a party contends that the trial court committed reversible error in making charges or comments to the jury, the error can not be raised for the first time on appeal. Fuller v.State, 269 Ala. 312, 113 So.2d 153 (1959); Hassell v. State,342 So.2d 1357 (Ala.Crim.App. 1977). Absent an objection to an alleged error and a ruling by the trial court, there is nothing for this Court to review. Cox v. State, 280 Ala. 318,193 So.2d 759 (1967) (where there is no objection to oral charge there is no reviewable issue); Stokley v. State, 254 Ala. 534,49 So.2d 284 (1950) (where there is no objection to remarks of trial court to juror in *Page 172 
response to question asked there is no reviewable issue); Brownv. State, 369 So.2d 881 (Ala.Crim.App. 1979) (where there is no objection to trial court's comment on the weight of the evidence there is no reviewable issue); Dolvin v. State,51 Ala. App. 540, 287 So.2d 250 (1973) (where there is no objection to improper statements and remarks throughout course of trial there is no reviewable issue).
Furthermore, when a court commits error in charging or commenting to a jury, an objection, sufficient to preserve the error for review on appeal, must be made before the jury retires. Webb v. City of Birmingham, 279 Ala. 272,184 So.2d 352 (1966); Ennis v. State, 37 Ala. App. 716, 76 So.2d 183
(1954). This is also the case when a deliberating jury returns to the courtroom for additional instructions. The objection, to properly preserve error for appeal, must be made before the jury retires again. Phoenix Insurance Co. v. Moog, 81 Ala. 335,1 So. 108 (1886); Guthrie v. State, 24 Ala. App. 50, 130 So. 374
(1930).
For the foregoing reasons, we decline to follow the rule set out in Burton and Brasfield, and since we find no error preserved for review on appeal, the Court of Criminal Appeals is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.