(88 South. 211)

DENNISON v. STATE. (6 Div. 763.)

(Court of Appeals of Alabama. Feb. 1, 1921.)

1. CRIMINAL LAW ☞1151—GRANTING OR REFUSAL OF CONTINUANCES NOT REVISABLE, UNLESS DISCRETION ABUSED.

Granting or refusing a continuance is discretionary, and, unless it affirmatively appears that this discretion has been abused, the action of the court is not revisable upon appeal.

2. CRIMINAL LAW ☞605—COURT MAY GRANT CONTINUANCE DURING TRIAL BY JURY.

Under Const. 1901, § 9, providing that no person shall, for the same offense, be twice put in jeopardy of life or limb, but courts may, for reasons fixed by law, discharge juries from the consideration of any case, the court had power to grant a motion for a continuance, even when made during the trial before the jury.

3. CRIMINAL LAW ☞699—ATTORNEY AS OFFICER OF COURT AND BY STATUTE MUST MAINTAIN DUE RESPECT TO COURTS AND JUDGES.

An attorney, as an officer of the court, and under Code 1907, § 2985, subd. 2, must maintain due respect for the court and judge, the officers of the court, parties, witnesses, and jurors, and, in return is entitled to similar treatment from the judge especially to the extent that the interests of his client will not be prejudiced.

4. CRIMINAL LAW ☞1144(10), 1152(1)—APPELLATE COURT WILL NOT INTERFERE WITH DISCRETION OF TRIAL JUDGE IN CONDUCT OF TRIAL UNLESS ABUSED.

The trial judge is vested with much discretion in the conduct of the trial, and appellate courts will not interfere to control such discretion, unless it clearly appears there has been an abuse of discretion; the presumption being that he will accord to all litigants a fair and impartial trial.

5. CRIMINAL LAW ☞655(1) —TRIAL JUDGE WHO USES ANY LANGUAGE TENDING TO BRING ATTORNEY INTO CONTEMPT WITH JURY COMMITS ERROR.

A trial judge who uses language which tends to bring an attorney into contempt before the jury, or makes any intimation which tends to prejudice them, commits reversible error.

6. CRIMINAL LAW ☞655(5) — REMARKS OF JUDGE TO ATTORNEY HELD NOT PREJUDICIAL.

Where the admissibility of evidence, etc., was discussed in the absence of the jury, but after the jury's return defendant's counsel reviewed the controversy, whereupon the court criticized him, and directed him to quit talking so much, to resume his seat and proceed with the trial, the remarks were not such as would prejudice the attorney before the jury, or injuriously affect defendant's substantial rights.

7. CRIMINAL LAW ☞660—COUNSEL SHOULD BE ALLOWED TO MAKE OBJECTIONS AND MOTIONS.

The court should allow defendant's counsel full opportunity to make known his objections and to make such motions as he deems necessary in the interest of his client.

8. CRIMINAL LAW ☞369(5) — EVIDENCE TO PROVE LARCENY OF ANOTHER AUTOMOBILE THAN THAT CHARGED IN INDICTMENT INADMISSIBLE.

In a prosecution for the larceny of an automobile, the admission of evidence to prove the larceny by defendant of another automobile, several months before, at a distant point, was error; there being no necessary connection between the two offenses.

9. CRIMINAL LAW ☞338(1)—EVIDENCE MUST BE RELEVANT TO QUESTION OF GUILT.

Under Const. 1901, § 6, entitling accused to demand the nature and cause of the accusation, etc., all evidence introduced must be relevant to the guilt or innocence of accused.

10. CRIMINAL LAW ☞304(2)—THAT MANY PERSONS, INCLUDING JURORS, NOT TRAINED IN LOGICAL THINKING IS COMMON KNOWLEDGE.

It is a matter of common knowledge that the large majority of persons of average intelligence are untrained in logical methods of thinking, and prone to draw illogical and incorrect inferences · and conclusions without foundation, and that jurors are selected from such persons.

11. CRIMINAL LAW ☞370—EVIDENCE OF ANOTHER OFFENSE ADMISSIBLE TO PROVE SCIENTER.

Evidence of another offense than that charged will be received when necessary to prove the scienter or guilty knowledge, when it is an element of the offense charged.

12. CRIMINAL LAW ☞369(2)—EVIDENCE OF ANOTHER OFFENSE ADMISSIBLE WHEN PART OF SAME TRANSACTION.

Evidence of another offense than that charged will be received when the two are so connected as to form part of one transaction.

13. CRIMINAL LAW ☞371(1)—EVIDENCE OF ANOTHER OFFENSE ADMISSIBLE TO SHOW INTENT.

Evidence of another offense similar to that charged is admissible, when it is material to show the intent with which the act charged as criminal was done.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

14. CRIMINAL LAW ⊙⇒371(12)—EVIDENCE OF ANOTHER OFFENSE ADMISSIBLE TO PROVE MOTIVE, WHEN TWO ACTS ARE CONNECTED.

Evidence of another offense than that charged will be received, when it is necessary to prove a motive for the crime imputed and there is an apparent relation between the two acts.

15. CRIMINAL LAW ⊙⇒369(15)—EVIDENCE OF ANOTHER OFFENSE ADMISSIBLE TO PROVE IDENTITY OF OFFENDER OR INSTRUMENT USED IN COMMITTING OFFENSE.

Evidence of another offense than that charged will be received, when it is necessary to prove the identity of the offender, or of an instrument used in committing the offense.

16. CRIMINAL LAW ⊙⇒372(1)—EVIDENCE OF ANOTHER OFFENSE ADMISSIBLE WHERE OFFENSE CONSISTS OF SERIES OF ACTS.

Evidence of another offense than that charged will be received where the accusation involves a series of acts which must be proved to make out the offense.

17. CRIMINAL LAW ⊙⇒365(1)—EVIDENCE OF ANOTHER OFFENSE ADMISSIBLE WHERE PART OF RES GESTÆ.

Evidence of another offense than that charged will be received where the several offenses are all part of the res gestæ.

18. CRIMINAL LAW ⊙⇒369(2)—EVIDENCE OF ANOTHER OFFENSE NOT ADMISSIBLE, UNLESS SOME CONNECTION SHOWN UNITING CRIMES FOR ACCOMPLISHMENT OF COMMON PURPOSE.

Before evidence of an offense other than that charged can be received, it must usually appear from the evidence that some connection existed between the crimes, in fact and in the mind of the accused, uniting them for the accomplishment of a purpose common to both.

19. CRIMINAL LAW ⊙⇒374, 736(1)—EVIDENCE OF ANOTHER OFFENSE SHOULD BE REJECTED, WHERE CONNECTION DOES NOT CLEARLY APPEAR—QUESTION BEING FOR COURT.

Whether any connection exists between an offense charged and another sought to be proved is a question for the court, and the evidence of the other offense should be rejected, if the court does not clearly perceive the connection.

20. CRIMINAL LAW ⊙⇒370 — SCIENTER NOT ELEMENT IN ESTABLISHING ACTUAL LARCENY, AND EVIDENCE OF ANOTHER LARCENY NOT ADMISSIBLE.

Under a count charging defendant with the actual larceny of a certain automobile, evidence was inadmissible to show his larceny of another car; the question of scienter, or guilty knowledge, not being an element.

21. CRIMINAL LAW ⊙⇒369(15)—EVIDENCE OF ANOTHER OFFENSE NOT ADMISSIBLE TO PROVE IDENTITY, WHERE OFFENSES NOT CONNECTED.

Evidence of the larceny by defendant of another automobile than that charged in the indictment to have been stolen by him was not admissible to establish the identity of the accused, where the two offenses were committed some months apart and were in no way connected with each other.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

A. A. Dennison was convicted of the larceny of an automobile, and he appeals. Reversed and remanded.

The transaction complained of occurred upon the introduction of Boyd in an attempt on the part of the state to show that Boyd had lost a car recently. The jury was sent into their room and the controversy herein referred to occurred between the court and counsel for defendant, not only relative to the legality of the evidence, but also on account of surprise and the absence of witnesses to rebut the testimony relative to the guilt of the defendant in the larceny of other cars. After the jury returned, the controversy was renewed, whereupon the court criticized counsel, directed him to quit talking so much, to resume his seat, and to proceed with the trial of the case.

Roderick Beddow and Ben F. Ray, both of Birmingham, for appellant.

While trial courts have discretion as to continuances, they must not contravene the Bill of Rights in the exercise of that discretion. 117 Ala. 85, 23 South. 670. The court should not use language tending to bring the trial lawyer into contempt in the eyes of the jury. 90 S. W. 933. It was error to permit evidence as to the larceny of other automobiles. 42 Tex. Cr. R. 273, 58 S. W. 1026; 39 Ala. 247, 84 Am. Dec. 782; 42 Ala. 532; 41 Ala. 405; 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193, and notes.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It was within the discretion of the court to deny the motions for a continuance. Ante, p. 421, 84 South. 871. The motion itself was not sufficient to authorize a continuance. 168 Ala. 109, 53 South. 109. The court properly admitted the evidence of other larcenies. 14 Ala. App. 72, 71 South. 617; 41 Ala. 405; 42 Ala. 532; 39 Ala. 247, 84 Am. Dec. 782; 52 Ala. 10; 52 Ala. 313; 78 Ala. 12; 140 Ala. 118, 37 South. 76, 103 Am. St. Rep. 17; 140 Ala. 137, 37 South. 223; 152 Ala. 86, 44 South. 537; 153 Ala. 70, 45 South. 588; 162 Ala. 66, 50 South. 398.

BRICKEN, P. J. The defendant was convicted under the first count of an indictment which charged him with grand larceny, in that he feloniously took and carried away one Dodge automobile of the value of $1,200, the personal property of J. R. Hobbs. He was given an indeterminate sentence of five years minimum and seven years as a maximum imprisonment in the penitentiary. From this judgment of conviction he appeals.

It developed upon the trial that Reverend J. R. Hobbs, a minister of the gospel and pas-

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tor of the First Baptist Church, in the city of Birmingham, left his Dodge automobile standing in front of his church in said city during the entire afternoon of Wednesday, January 7, 1920, and that when he went to get it, at about 8:30 o'clock that night, the car was gone. The car was located on Friday night following in Athens, Ala., in the possession of a Mr. A. J. Keyes, who claimed to have bought it from this defendant. It was afterwards returned to the owner.

During the progress of the trial in the court below innumerable exceptions were reserved to the rulings of the court, and on this appeal these exceptions have been grouped into the three principal propositions upon which the appellant relies to effect a reversal. These propositions, as stated in brief by counsel for appellant, are as follows:

"(1) The question of a continuance of a case is usually in the discretion of the court, but the court must not so exercise this discretion as to contravene the Bill of Rights of the state of Alabama. Article 1, §§ 6 and 9, of the Constitution.

"(2) The trial court should not use any language which tends to bring the trial lawyer into contempt before the eyes of the jury.

"(3) During the trial of a criminal cause, where the accused is being tried for the larceny of an automobile, it is error for the court to admit evidence for any purpose tending to show the theft of another automobile by the same party, but at a different time and place."

We shall deal with these propositions in the order in which they are presented.

[1, 2] As to the first proposition, in view of the conclusion reached in this case and hereinafter to be announced, we are of the opinion that it would serve no good purpose to deal specifically with the many exceptions reserved to the rulings of the court in this connection. We shall merely restate the well-known rule that the granting of continuances, or the refusal to grant a continuance, is discretionary, and unless it affirmatively appears that this discretion has been abused the action of the court in matters of this character is not revisable upon appeal. Walker v. State, 117 Ala. 85, 23 South. 670; Childress v. State, 86 Ala. 77, 5 South. 775; Sanderson v. State, 168 Ala. 109, 53 South. 109. Under this discretionary power, as well as under the provisions of article 1, § 9, of the Constitution of 1901, it cannot be questioned that the court in the instant case had the power to grant the motion for a continuance, even at the stage of the proceedings in which the motion was made. As this question will not arise upon another trial, it is unnecessary that a further discussion here shall be had.

[3] The second proposition, as above stated, deals with the alleged prejudicial conduct of the court towards the counsel for defendant pending the trial, in which it is insisted that the alleged conduct complained of tended to bring defendant's counsel into contempt before the jury. Occurrences of this character, as disclosed by the record, are very regrettable and are to be deplored. They could be obviated if all those connected with the trial would be careful to accord to every one, also so connected, the high degree of courtesy and respect expected, or desired, or demanded by himself. An attorney at law is an officer of the court, and as such is under the duty to deport himself with dignity and circumspection, and upon all occasions to manifest and exhibit a marked respect for the court in which he practices, and for the judge thereof, as well as for all officers of court, parties and their witnesses, and for the juries in attendance. The statutory requirement in this connection is that an attorney must maintain due respect to courts of justice and judicial officers. Code 1907, § 2985, subd. 2. In return, he is entitled to similar treatment from the trial judge, and most certainly to the extent that the interests of his client will not be prejudiced.

[4-7] The trial judge, as a natural consequence of his position and the many duties devolving upon him, is necessarily vested with much discretion in the conduct of the trial of causes, and, unless it clearly appears that there has been an abuse of this discretion, appellate courts will not interfere to control such discretion, but will presume that one occupying so important a position as that of circuit judge will accord to all litigants in his court the fair and impartial trial provided for in the Constitution of this state. That a trial judge wields a great influence upon the jury cannot be questioned, for it is their duty to follow his instructions as to the law. So, whenever he expresses an opinion on any disputed fact, or of the character of a witness, or compliments one attorney at the expense of another, or uses language which tends to bring an attorney into contempt before the jury, or uses any language or makes any intimation which tends to prejudice them, he commits an error of law, which would, of necessity, effect a reversal of the judgment and a remandment of the cause. In the instant case we are not prepared to say that the alleged injurious language of the court addressed to appellant's counsel was of the character to prejudice the attorney before the jury or to injuriously affect the substantial rights of the defendant. However, we are of the opinion that the trial court should have allowed defendant's counsel full opportunity to make known his objections to the court, and to make such motions to the court as in the interest of his client he deemed necessary. It does not appear from the record that this opportunity was fully accorded defendant's counsel.

[8] The rulings of the court in connection with the third proposition, supra, were error.

By these numerous rulings, over the objections of the defendant, the court allowed the state to offer evidence tending to prove the larceny by the defendant of another and different automobile to the one charged in the indictment; this second offense being entirely dissimilar, separate, and distinct from the charge upon which he was being tried. The said second alleged offense is shown to have happened several months prior to the time of the alleged charge here, and, as contended, was therefore remote in point of time and from distance in point of place, and no necessary connection between the two alleged offenses existed or could exist.

The general and well-recognized rule is that in a prosecution for a particular offense evidence tending to show defendant guilty of another and distinct offense, disconnected with the crime charged, is inadmissible; the manifest purpose of this rule being to prevent prejudice to the defendant in the minds of the jury by the introduction of evidence of offenses for which he is not indicted, to which he is not finally to answer, and building up a conviction on inferences of guilt from the fact that he had committed another offense. The justice, fairness, and reason for the rule is apparent, and, as said in the case of Gassenheimer v. State, 52 Ala. 313: "A strict adherence to it is necessary to prevent criminal prosecutions from becoming instruments of oppression and injustice."

[9] The Constitution of this state (Const. 1901, § 6) provides that in all criminal prosecutions the accused has a right to be heard by himself or counsel, or either, to demand the nature and cause of the accusation, and to have a copy thereof, etc.; and in the Gassenheimer Case, supra, it was said:

"No man shall be twice put in jeopardy for the same offense, and of the nature and cause of the accusation made against him he shall be fully informed before he is called to trial, is the paramount law of the land. Than that accusation he cannot be supposed to stand prepared to answer."

[10] The rule, above announced, which requires that all evidence which is introduced shall be relevant to the guilt or the innocence of the accused, is always applied with considerable strictness in criminal proceedings. The wisdom and justice of this, at least from the defendant's standpoint, are self-evident. The defendant can with fairness be expected to come into court prepared to meet the accusations contained in the indictment only, which in this case was the larceny of the Dodge automobile, and, on this account, all the evidence offered by the state should consist wholly of facts which were within the range and scope of the allegations contained in the indictment upon which he is being tried. The evidence introduced over the defendant's objection relating to other offenses than that charged in the indictment no doubt alarmed the suspicions of the jury, or at least it may have had that effect, and inclined them the more readily to believe in the guilt of the defendant of the offense charged, and rendered the jury less inclined to listen or give proper weight and consideration to whatever was offered or said in his defense. For it is well known, in fact a matter of common knowledge, that the large majority of persons of average intelligence are untrained in logical methods of thinking, and are therefore prone to draw illogical and incorrect inferences and conclusions without foundation. It is also a matter of common knowledge that from such persons jurors are selected. And like others they will very naturally believe that a person is guilty of the offense with which he is charged if it is proved to their satisfaction that he has committed a similar offense, or any offense of an equally heinous character. So, as before stated, the general rule in this connection forbids the introduction of evidence which will show, or tend to show, that the accused has committed any crime wholly independent of the offense for which he is on trial.

[11-17] There are exceptions to this general rule, however. These exceptions are succinctly stated in the Gassenheimer Case, supra, and are, in substance, as follows: While evidence of any other offense than that specifically charged is prima facie inadmissible, such evidence will be received, when necessary to prove the scienter or guilty knowledge, when an element of the offense charged; (2) when the offense charged and the offense proposed to be proved are so connected that they form part of one transaction; (3) when it is material to show the intent with which the particular act is charged as criminal was done, evidence of another similar act, though in itself a criminal offense may be given; (4) when it is necessary to prove a motive for the criminal act imputed, and there is an apparent relation or connection between that act and other criminal acts committed by the accused; (5) when it is necessary to prove the identity of the offender, or of an instrument used in committing the offense; (6) there are also cases in which the accusation itself involves a series of acts which must be proved to make out the offense; (7) and cases in which the several offenses are all a part of the res gestæ.

[18, 19] It has been expressly held, however, that usually some connection between the crimes must be shown to have existed in fact and in the mind of the accused, uniting them for the accomplishment of a purpose common to both, before such evidence can be received, and the connection must appear from the evidence. Whether any connection exists is a judicial question, and, if the court does not clearly perceive it, the accused should be given the benefit of the doubt and the evidence should be rejected. The minds

of the jurors must not be poisoned and prejudiced against a prisoner by receiving evidence of this description, unless the case comes clearly under the exceptions.

[20] In the instant case the court undertook to limit this testimony (1) to the question of scienter or guilty knowledge; (2) to the identity of the accused. However, under the state's theory, and also under the evidence offered by the state, which was the actual larceny of the car in question, the question of scienter or guilty knowledge was not an element. Under the facts of this case, as disclosed by the record, the defendant was either guilty or not guilty of the larceny of the car as charged in the first count of the indictment, and there was no evidence whatever upon which to predicate a verdict of guilt or judgment of conviction under the second count of the indictment, which charged that he did buy, receive, conceal, or aid in concealing the Dodge car, knowing that it was stolen and not having the intent to restore it to the owner.

[21] Nor can the exception above stated as to identity of the accused prevail under the facts of this case, as these transactions were entirely different, in no way or manner connected with each other, and the alleged offenses were shown to have been some months apart, and it affirmatively appears that there was nothing contemporaneous and no connection whatever between the two alleged thefts of the automobiles, and under the rules above stated the defendant's case upon this trial should not have been burdened with the theft of the Ford car alleged to have been committed in November, 1919, prior to the offense charged in the indictment alleged to have been committed in January, 1920.

From what has been said, we are clearly of the opinion that the substantial rights of the defendant were unduly impaired by the rulings of the court, and for these reasons the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.