243 So.2d 664

**Raymond Barry GRIMES and Alvin V. Grimes**

v.

**Charles Allen WALKER.**

**6 Div. 783.**

Supreme Court of Alabama.

Jan. 28, 1971.

William W. Ross, George S. Brown, Birmingham, for appellants.

Huie, Fernambucq & Stewart and Paul G. Smith, Birmingham, for appellee.

MADDOX, Justice.

The question presented by this appeal is whether the conduct of the trial judge in admonishing appellants' attorney during an exchange between him and the attorney in the presence of prospective jurors was so prejudicial that a new trial should be granted.

Appellants are father and son. The son sued for personal injuries and the father sued for loss of services, property damage and for sums he would be required to spend in the treatment of his son's injuries, the alleged causes of action arising out of a collision between an automobile driven by the son and an automobile driven by appellee. The trial jury returned a verdict for the appellee. Appellants' motion for a new trial was denied.

All of appellants' assignments of error pertain to events occurring during the preliminary examination of the jury touching their interest and competency to serve.

Basically, appellants argue only those assignments which claim the lower court erred in not granting their motion for a mistrial because of admonishments directed at their attorney by the trial judge in the presence of prospective jurors.

In order to show what transpired we set out in the footnote much of the transcript of the proceedings.[1]

---

1. "MR. ROSS:
   Mr. Deason, have you read these ads that Allstate Insurance Company puts out that says the bad drivers are causing your high rates? Have you read those advertisements they put out?
"MR. DEASON:
   Yes, I have.
"MR. SMITH:
   Your Honor, we object to this.
"MR. ROSS:
   Do you think—
"THE COURT:
   Well, since—of course, I think we all know that a careful driver will probably have less accidents than a wild driver. I would sustain on asking that question. I exclude it.
"MR. ROSS:
   I except to the Court's ruling on that. In the first place, there hasn't been any objection, and in the second place, it is a predicate laid for further questions on voir dire.
"THE COURT:
   There was an objection.
"MR. ROSS:
   I did not hear it, I am sorry.
"THE COURT:
   Yes, sir, there was. I think it is appropriate because I don't think that kind of a subject is one that would call for a question.
"MR. ROSS:
   Your Honor, that was merely the basis for the next question, a predicate, if you please.

"THE COURT:
   Well, you said, 'Have you seen those ads in which it stated' in substance, 'So and So.'
"MR. ROSS:
   Yes, that Allstate Insurance Company published in the newspapers.
"THE COURT:
   Yes, I heard it. I heard every word you said.
"MR. ROSS:
   Yes, sir.
"THE COURT:
   Have you got another question?
"MR. ROSS:
   Yes, sir, I do, to follow that one.
"THE COURT:
   Go right ahead, but be sure that it is a question in your—
"MR. ROSS:
   That is a predicate, Your Honor, to the next question I intended to ask this prospective juror.
"THE COURT:
   I don't know what you are going to ask, but it had better be in order, I will tell you that.
"MR. ROSS:
   Well, I guarantee you it will be.
"THE COURT:
   All right.
"MR. ROSS:
   Mr, Deason, do you feel that to return a verdict for Plaintiff in a substantial amount of money might adversely affect your own personal automobile rates?

Note 1—Continued

"MR. DEASON:
No.

"MR. SMITH:
We object to that, Your Honor. That is improper.

"MR. ROSS:
It is not, Your Honor. I have a case that says it is not.

"THE COURT:
You've got a case?

"MR. ROSS:
Yes, sir.

"THE COURT:
Let me see it.

"MR. ROSS:
I had the pain of going to the Supreme (sic) to learn that.

May I call my office, please, and get the citation?

"THE COURT:
Well, I think here is where you are trying the case.

"MR. ROSS:
Well, I have got to get the citation, Your Honor.

"THE COURT:
It is an Alabama case?

"MR. ROSS:
Yes, sir, I carried it to the Supreme Court myself, and they said don't assume anything. If you want to know something from a juror, you ask them. And, that is merely what I am doing.

"THE COURT:
I will hold steady for a moment while you get me the case.

"MR. ROSS:
All right, sir.

"THE COURT:
You all might be at ease there. It will be all right if you want to talk. (Mr. Ross left the courtroom.)

"MR. ROSS:
Judge, the Secretary is out of my office. Could I have a thirty minute recess?

"THE COURT:
No, I won't give you a thirty minute recess.

"MR. SMITH:
Well, Your Honor, since the Court sustained the first objection he asked along this line, and the second question was prejudicial also, we move for a mistrial on that basis.

"MR. ROSS:
I will confess a mistrial.

"THE COURT:
I will not grant a mistrial.
(Mr. Ross left the courtroom.)

"THE COURT:
I believe that this jury, as you stand here, I believe that you will make every effort, of course, to try this case in absolute fairness. If any of you should have a policy of insurance with that company or any other company—I am going to ask it myself—whether or not, in your opinion, it would influence you, either the one way or the other in this case, and, if so, raise your hand. You can be frank about this. If it is true, raise your hand.
(No response.)

"THE COURT:
All right, we will proceed. Go ahead, if you will.

"MR. ROSS:
Well, Your Honor, I don't know what was said out of my presence while I was in there trying to call my office.

"THE COURT:
I thought you were here.

"MR. ROSS:
No, sir.
And I except to the Court making a statement to the jury out of presence of counsel, and move for a mistrial.

"THE COURT:
Let me tell you something. You didn't get my permission to leave this room, and I didn't know you were out of here.

"MR. ROSS:
I asked you first if I could go in and make a call, Your Honor.

"THE COURT:
How is that?

"MR. ROSS:
I asked you at first, when I went in there, if I could go in there and call and try to get the citation of the case.

"THE COURT:
I know that, you have been back in here since then, you know.

"MR. ROSS:
Yes sir, and I told you I couldn't get the line.

"THE COURT:
That is right, and I went ahead and counsel made a motion and I overruled it, and then I made that statement. And I looked around to get you to go forward and you were in there.

Now, I am not criticizing you particularly for that, but since you didn't have my permission to leave the room, I don't think you are entitled to have me responsible for trying to find out where you are when I am making some statement. I think that is your duty to be here.

"MR. ROSS:
Your Honor, I thought I had obtained permission, in the first instance, from you to try to reach my office and give the Court the citation on the law involved in this proposition that we are discussing.

The general rule of law governing the conduct of attorneys and judges is well stated in Dennison v. State, 17 Ala.App. 674, 88 So. 211 (1921), in which decision the Court of Appeals said:

"* * * An attorney at law is an officer of the court, and as such is under the duty to deport himself with dignity and circumspection, and upon all occasions to manifest and exhibit a marked respect for the court in which he practices, and for the judge thereof, as well as for all officers of court, parties and their witnesses, and for the juries in attendance. The statutory requirement in this connection is that an attorney must maintain due respect to courts of justice and judicial officers. Code 1907, § 2985, subd. 2. In return, he is entitled to similar treatment from the trial judge, and most certainly to the extent that the interests of his client will not be prejudiced.

"The trial judge, as a natural consequence of his position and the many duties devolving upon him, is necessarily vested with much discretion in the conduct of the trial of causes, and, unless it clearly appears that there has been an abuse of this discretion, appellate courts will not interfere to control such discretion, but will presume that one occupying so important a position as that of circuit judge will accord to all litigants in his court the fair and impartial trial provided for in the Constitution of this state. That a trial judge wields a great influence upon the jury cannot be questioned, for it is their duty to follow his instructions as to the law. So, whenever he expresses an opinion on any disputed fact, or of the character of a witness, or compliments one attorney at the expense of another, or uses language which tends to bring an attorney into contempt before the jury, or uses any language or makes any intimation which tends to prejudice them, he commits an error of law, which would, of necessity, effect a reversal of the judgment and a remandment of the cause. * * *"

█ Of course, a proper admonition, censure or rebuke by the presiding judge directed at an attorney who is guilty of impropriety or misconduct ordinarily is not prejudicial where not couched in intemperate language; however, the judge should

Note 1—Continued

"THE COURT:
Well, now, I know I overruled any objection on that line.
"MR. ROSS:
We except, Judge.
"THE COURT:
I think you are due an apology to the Court for leaving this room again without letting the Court know it.
"MR. ROSS:
Well, if it offended the Court, I do. But I don't feel—
"THE COURT:
It offends me because you make a motion for a mistrial on account of something that I don't deem to be my fault. If there is any fault to it, I say it is yours. Now, here I am having an argument with counsel, and he is having one with me, or both of them is true. You would make a horrible mistake if you held that against him. His client back there is entitled to an absolutely fair trial here, and we will try to go ahead with the case. I want you to be dead sure in your own minds and in your own hearts that you endeavor closely and energetically to give a square deal to every party in this case. That is your duty, and I think you can do it. I think counsel steps out again without any thought of offending me at all, but on the other hand, I didn't know he was gone. So that gets us into the trouble. I don't know that I particularly blame you at all.
"MR. ROSS:
Well, I move again at this time for a mistrial, because I feel like the jury has been prejudiced.
"THE COURT:
I overrule.
"MR. ROSS:
Colloquy between the Court and counsel I feel like it is prejudiced for the Plaintiff's case.
"THE COURT:
I overrule.
"MR. ROSS:
We except."

be careful in so doing not to influence the jury toward one side or the other.

Appellants rely strongly on *Dennison*, supra, to support their argument for reversal. In *Dennison*, the Court of Appeals noted that the alleged injurious language of the court addressed to appellant's counsel in that case was not of the character to prejudice the attorney before the jury or to injuriously affect the substantial rights of the defendant. We examined the original court record in *Dennison* and find that the facts and circumstances in that case would indicate that the holding in *Dennison* is supportive of the trial court's action here rather than being authority for reversal of the trial court.

■ We are unwilling to say that the trial court committed reversible error in the instant case because of the statements made to counsel for the appellants in the presence of prospective jurors. From the record it appears that the attorney did not obtain permission to leave the courtroom after the trial court had overruled his motion to recess for thirty minutes.

Apparently, appellants' counsel was seeking to get the citation of the case which he mentioned to the trial court. The case to which counsel referred appears to be Vickers v. Howard, 281 Ala. 691, 208 So.2d 72 (1968). While we discussed the proposition of waiving a right by failure to ask a question of a prospective juror in that case we did not hold that the question appellants' attorney asked Juror Deason was proper.

The trial judge instructed the prospective jurors not to allow the exchange between him and appellants' counsel to affect them in any way.

Having considered all of appellants' argued assignments of the error, we are of the opinion that the judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL and McCALL, JJ., concur.