287 So.2d 250

**Sue DOLVIN, alias**

v.

**STATE.**

**8 Div. 406.**

Court of Criminal Appeals of Alabama.

Dec. 4, 1973.

Harold G. Peck, Florence, for appellant.

William J. Baxley, Atty. Gen., and E. E. Ball, Sp. Asst. Atty. Gen., for the State.

**DeCARLO, Judge.**

On November 20, 1970, appellant and her husband, Glenn Dolvin, were jointly indicted on a charge of kidnapping. On the date of trial, the court granted appellant's motion for a severance. She was found guilty as charged and sentenced to ten years imprisonment.

On August 16, 1970, Charles Ray Lovett disappeared. His wife, who worked at a Dairy Queen in Decatur, Alabama, testified he called her about 10:00 P.M. that night and asked her to bring some food when she came home. She arrived about 11:05 P.M. Charles Ray Lovett was gone and until this day is still missing. There was no evidence of a struggle in the house, the children were in bed, Mr. Lovett's clothes were laid out for the next day, and his special shoes were still there. Mrs. Lovett stated her husband needed the shoes for support and rarely went far without them.

I

The appellant insists the evidence presented was not sufficient to sustain a conviction and raised this question by a motion to exclude, a request for the affirmative charge, and on motion for a new trial.

■ All the evidence presented was circumstantial and based on the following facts, the court concluded a jury question was presented:

Around 10:00 P.M. on the night of Mr. Lovett's disappearance, his wife observed the defendant and a male companion sitting in a green Volkswagen at the Dairy Queen. On the same night about 10:30 P.M., the defendant was seen driving a green Volkswagen in the vicinity of Lovett's residence. When the witness, Debbie Garrett, first saw the automobile, it was parked with the motor running. After a few minutes, the car was driven slowly in and about this area with its lights off. Subsequently, the witness heard a holler, and saw the car speed up a back alley with the lights still off.

When it reappeared, appellant was still driving, and two male passengers were with her in the front seat. Around this same time, a neighbor of the Lovetts heard someone holler "help—let me go." While looking out the window to investigate, she noticed a Volkswagen driving slowly up the street.

Earlier this same day, a person identified as appellant's husband asked a service station employee for directions to Freemont Street, the location of Lovett's residence.

The victim, Charles Ray Lovett, was the complaining witness in a grand larceny prosecution of appellant's husband.

Appellant left her daughter with a babysitter in Key West, Florida, on August 14, and did not return for the child until August 19.

In a letter to her babysitter, appellant stated that she was visiting her brother,

Robert Hambrick, on August 17, in Bradenton, Florida, and that he had returned to the hospital. The medical record librarian from the only hospital in the county where Bradenton is located presented evidence that Robert Hambrick was a patient there for three days in September.

The babysitter affirmed that the events from August 14 through August 19, as set forth in Mrs. Dolvin's letter did in fact occur, but not on the dates cited by appellant.

In Johnson v. State, 247 Ala. 271, 24 So.2d 17, Justice Lawson commented upon the principle governing the sufficiency of circumstantial evidence:

"The rule is well settled in this jurisdiction that circumstantial evidence may afford satisfactory proof of the corpus delicti and if facts are presented from which the jury may reasonably infer the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible."

See also, Phillips v. State, 248 Ala. 510, 28 So.2d 542, and Blackburn v. State, 38 Ala. App. 143, 88 So.2d 199.

After a consideration of the evidence shown above, we believe the court was correct in submitting this case to the jury.

## II

■ It is next contended that appellant was denied her right to a fair trial by the court's failure to require disclosure of the State's witnesses.

In Thigpen v. State, 49 Ala.App. 233, 270 So.2d 666, this court stated:

"[W]e do not deem the constitutional right to compulsory process in a criminal case to operate in such a manner as to compel pre-trial discovery as to who in fact are witnesses for the State. Rather, the law assumes that defense counsel will act with due diligence so as to have such witnesses as necessary available at trial."

On the motion for a new trial, the Circuit Clerk of Morgan County testified that fifteen witnesses were listed on the docket sheet at least three days before the trial. This represented two-thirds of the witnesses called by the State and was a matter of public record. Knowledge of the identity of these witnesses could have furnished the defense counsel with some indication of the remaining eight. In addition, appellant had ample opportunity for a thorough and extensive cross-examination.

Based on *Thigpen,* supra, no prejudice resulted to the appellant by the court's refusal to grant disclosure.

## III

The appellant further asserts that the court was in error in refusing to give the following requested charge:

"The Court charges the jury that a person charged with a felony should not be convicted, unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt; no matter how strong the circumstances are they do not come up to the full measure of proof, which the law requires, if they can be reasonably reconciled with the theory that the defendant is innocent."

■ The refusal of a defendant's requested charge, which states a correct legal principle is not improper, where the statement of law is fairly and substantially covered by the court's general charge or a requested instruction by the defendant. Title 7, § 273, Code of Alabama, 1940; Hicks v. State, 46 Ala.App. 125, 238 So.2d 922.

■ The principle of law in the refused charge was covered by the following charge given at the appellant's request:

"The Court charges the jury that the only foundation for a verdict of guilty in this case is that the entire jury shall be-

**544**

lieve from the evidence, beyond a reasonable doubt and to a moral certainty, that the defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence, and every reasonable doubt of his guilty (sic), and, if the prosecution has failed to furnish such measure of proof, and to so impress the minds of the jury of his guilt, they should find him not guilty."

## IV

Finally, defense counsel assigns numerous rulings, statements, and remarks of the court which he contends were improper and when viewed together created an atmosphere prejudicial to the appellant.

 The trial judge is vested with much discretion in the conduct of a trial, and, unless it clearly appears that he has abused that discretion, the appellate courts will not interfere to control such discretion, but will assume that the one occupying the important position of judge will afford to all parties a fair and impartial trial. Dennison v. State, 17 Ala.App. 674, 88 So. 211.

In the instant case we do not believe the court abused that discretion. The instances cited by appellant were all resolved within the bounds of sound discretion.

It is unquestioned that a trial judge wields great influence over a jury, and any expression which may intimate the court's partiality, is error. *Dennison,* supra. The general rule, however, is that improper remarks from the court are not grounds for a new trial or subject of review on appeal unless there is a timely objection or a motion to exclude a ruling thereon by the court or a refusal by the court to rule. Nichols v. State, 267 Ala. 217, 100 So.2d 750.

In our search of the record we paid close attention to the participation of the trial judge in these proceedings, but failed to find where counsel raised any specific objection to the court's remarks or admoni-

tions and without an adverse ruling, nothing is before this court to consider.

We have searched the record and find no error. The judgment is affirmed.

Affirmed.

CATES, P. J., and ALMON and TYSON, JJ., concur.

HARRIS, J., dissents.