Assault with intent to murder; sentence: ten years imprisonment.
Around dusk on December 20, 1977, the appellant entered the D E Grocery and asked the cashier, Ms. Terri Davis, for the location of disposable diapers. Ms. Davis directed him to the rear of the store. The appellant returned to the counter with a box of diapers and asked if the store had any others. He was redirected to the rear of the store, and Walter Reeves, a plain clothes guard, followed to assist him. Ms. Davis testified she next heard shots fired in rapid succession from the rear of the store. Ms. Davis looked up and saw Reeves and the appellant struggling with a gun. Reeves called for Ms. Davis to hit the appellant with Reeves' blackjack, which she did. At that time, appellant pushed Ms. Davis, kicked her, and fell on her. He then disengaged himself from the affray and fled.
Mr. Reeves testified to substantially the same facts as Ms. Davis, but added that the appellant told him "this is a hold-up" and shot him several times with a handgun during the ensuing struggle. Reeves added that the appellant then placed the gun against him and said "I am going to kill you." The appellant pulled the trigger, but the gun failed to fire because all the bullets had been spent.
Both Ms. Davis and Mr. Reeves were able to identify the appellant's picture from a photographic array presented to them separately by Sergeant T.C. James of the Prichard Police Department. *Page 426 
The appellant presented an alibi defense consisting of testimony of his first cousin, Ernest Cowin. Cowin stated he had been playing cards with appellant at a location some distance away from the D E Grocery until shortly before dusk the day the robbery occurred.
 I
Appellant argues that the trial court committed reversible error in refusing to give his Requested Charge 15 to the effect that the legal presumption of innocence was to be regarded as a matter of evidence.
The correct principle of law embodied in the above charge was well stated in Davis v. State, 284 Ala. 135, 222 So.2d 719
(1963) as follows:
 "Our decisions are to the effect that the presumption of innocence in favor of an accused is evidence which attends the accused until other evidence is presented (usually by the state) sufficient in the judgment of the trier of fact to overcome this primary presumption."
The failure to give such a charge is error provided the subject was not substantially and fairly covered in the court's oral charge or in a charge given at the appellant's request. Section12-16-13, Code of Ala. 1975; Bryant v. State, Ala.Cr.App.,348 So.2d 1136 (1977).
The proper principle was adequately covered in appellant's Charge 14 which was given by the trial court:
 "The court charges the jury that the defendant is never called upon to produce any evidence as to his innocence in that he is presumed to be innocent and that presumption is evidence that follows him through the trial."
 II
Appellant argues that the trial court erred in giving the State's Requested Written Charge 2 which was as follows:
 "I charge you, members of the jury, that both intent and malice can be inferable from the same act of using a deadly weapon, unless the circumstances refute either such intent or malice (i.e., self-defense)."
Appellant argues that the subjective intent of the accused is a fact to be determined by the jury from the evidence. This charge, he asserts, invaded the province of the jury by directing them to find the necessary intent existed as a matter of law. He cites for this proposition Hall v. State,49 Ala. App. 381, 272 So.2d 590 (1973) which states:
 "We, therefore, are of the opinion that the trial court was in error in charging the jury that the law presumes a person intends to do that which he does where the subjective intent of the defendant determines whether a crime has been committed at all and, if so, the character of the crime."
Hall relies upon Oliver v. State, 17 Ala. 587 (1850), however, which narrows this proposition by pointing out that there are cases where the law itself will draw the inference of one fact from the existence of another. An assault with a deadly weapon, as here, is just such a case.
The intent in the instant crime may be presumed from the act of using a deadly weapon unless circumstances negate this presumption. Hall, supra; Shiflett v. State, 262 Ala. 337,78 So.2d 805 (1955). Thus, the use of a deadly weapon raised the legal presumption of malicious intent referred to in Hall.
Where one assaults another by the use of a deadly weapon, the law will infer from that fact that he designed to accomplish the probable and natural results of his act, in the absence of proof to the contrary. Hall, supra.
 ". . . True if there was any evidence from which it might be inferred that the shooting was accidental, then the question of intent or will would necessarily be a question for the jury, and the court could not instruct them that the will to do the act did or did not exist, but when there is no question about the fact whether the shooting was accidental or designedly done, from the very nature of the weapon the law will imply that it was voluntary, — that the party intended what *Page 427 
was the probable or natural consequences of his act. . . ." Oliver, supra.
Here there was no proof presented whatsoever that the shooting was in self-defense or accidental. The victim said the appellant shot him during the course of an attempted robbery. The defense claimed that the appellant was in another part of town at the time of the shooting. Hence the charge was a correct statement of the law, and the trial judge was not in error in giving it to the jury. This is not to say, however, that a trial judge would be in error for refusing to give such a charge framed in the same language and form of the instant charge.
 III
Appellant contends that the trial court erred in denying a pretrial evidentiary hearing in support of his motion to suppress an out-of-court photographic array. That motion was made at appellant's own request by way of incorporating into this trial all motions filed in a previous trial which was tried before the same judge only six days earlier. The trial court ordered that the lengthy pretrial evidentiary hearing on the motion from the first trial be incorporated in this record and overruled appellant's request for a second hearing on the motion.
The motion itself is identical to that in the other trial, having been merely incorporated into the record from the first trial. Appellant's counsel made no contention that a second hearing would produce any new or altered evidence from that heard in the original hearing.
The trial judge is vested with great discretion in the conduct of a trial, and, unless clear abuse of this discretion is apparent, the appellate courts will not interfere to set aside the lower court's action. Dolvin v. State, 51 Ala. App. 540, 287 So.2d 250 (1973). The trial court exercises this discretion in light of the circumstances of the particular case, and, in the absence of gross abuse, its actions are not reviewable by this court. McKee v. State, 253 Ala. 235,44 So.2d 781 (1950). In the instant case, we find no abuse of that discretion. The trial judge heard the original motion and evidence thereon. At trial, appellant merely asked that his original motion from the first trial be incorporated into this record. He then made no assertion in support of his request for an evidentiary hearing that any new evidence existed at the time of the second trial which would alter the court's earlier ruling. The trial judge was in the best position to decide this question. We hold that his order incorporating the first hearing into the instant record was within the boundaries of sound discretion and fully protected and preserved appellant's rights in the matter and preserved appellant's evidence on the motion to suppress for appellate review.
 IV
Appellant asserts the trial court erred in admitting a photographic array shown out of court to witnesses by police for identification of the assailant. He alleges the photographs were neither authenticated nor verified at trial.
Appellant's counsel first challenged the photographs in the pretrial motion alleging that the photographs were suggestive. The trial court correctly denied the motion. When the photographs were first introduced at trial, defense counsel objected on the grounds of lack of proper predicate for their introduction. The trial court allowed them in subject to the prosecution connecting up the photographs by the testimony of a subsequent witness, Officer James. Officer James testified that the fifteen photographs introduced were indeed the photographs he had exhibited to Ms. Davis and Mr. Reeves eight days after the crime. He stated that both Reeves and Davis separately identified a picture of appellant as the assailant.
Officer James testified that he selected the fifteen photographs based upon a physical description of the suspect from a police dispatch. He testified that the photographs were in the same envelope at trial as when shown to the witnesses for identification. *Page 428 
He stated that after the pictures were shown to the witnesses, he placed them in the envelope in a case folder in a file at police headquarters. He testified further that it was improbable that other officers would have taken from or added to the pictures in the folder and that the folder had not been checked out to any officer.
Additionally, Mr. Reeves stated he was "pretty sure" those were the same fifteen pictures shown to him by Officer James, but he was certain he had identified the appellant's photograph shown him at trial from that group of photographs. Further, Ms. Davis positively identified fourteen of the photographs as the same ones shown her by Officer James, including that of the appellant. As to the fifteenth picture, she stated she "couldn't say for sure."
The purpose for establishing a chain of custody is to show "reasonable probability" that evidence has not been tampered with. Bell v. State, Ala.Cr.App., 339 So.2d 96 (1977). Thus, the State needed only to show a reasonable probability that the photographs introduced at trial were those they purported to be. We believe the State sufficiently met that burden. The photographs were properly admitted in evidence as tending to shed light on, strengthen, and illustrate other testimony in the case. Chunn v. State, Ala.Cr.App., 339 So.2d 1100 (1976). The issue of the identification of appellant as the criminal carries with it the issue of whether there was a likelihood of misidentification from viewing suggestive photographs. The trial court ruled upon that issue in denying the motion to suppress. The jury had every right to view the photographic array, however, in determining the weight or credibility to be given to the identification witnesses' testimony in light of the appellant's alibi defense.
We have reviewed the grounds for reversal relied upon by appellant in light of the record and the briefs and find no prejudicial error to the substantial rights of appellant which would mandate a retrial of this cause.
AFFIRMED.
All the Judges concur.