Appellant was indicted by the Jefferson County Grand Jury on January 9, 1981, for the offense of robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. Appellant was arraigned in open court on January 16, 1981, where he entered a plea of not guilty to the indictment. He was tried before a jury on May 20, 1981, and found guilty. The court sentenced appellant to a term of twenty years' imprisonment in the Alabama State Prison System. This appeal followed.
Henry Barrett, the robbery victim, testified that, on July 30, 1980, at approximately 1:40 p.m., he was making his deliveries as a Pepsi Cola route deliveryman in the Jefferson West End area in Birmingham, Alabama. He stated that, as he finished a delivery, he got into his truck when a person whom he identified as the appellant pulled a revolver and demanded the money. Mr. Barrett testified that the appellant took the money and proceeded down an alley and got into a two-tone car and fled the scene.
Mr. Barrett went inside a business and called the police. A few minutes later the police arrived at the scene and a description of the person and car was given to them by Mr. Barrett.
Officer Douglas Foster of the Birmingham Police Department testified that he and Officer K.W. Patterson responded to the robbery call at 1537 Jefferson Avenue at approximately 12:30 p.m. When the officers arrived, they had a conversation with Mr. Barrett in reference to the robbery that occurred. While on the scene, the officers received another call about a hit and run accident that happened approximately one block away.
The officers responded to the hit and run call and upon arriving received a description of the automobile and the tag number of the car that had fled the hit and run accident. Officer Foster testified that the information about the robbery and the hit and run accident was turned over to the Robbery Division of the City of Birmingham.
Sergeant John Barefield testified that he was assigned to investigate the report from the Patrol Division regarding the robbery. *Page 347 
Sergeant Barefield traced the automobile registration to a K.B. Cash. After a conversation at the Cash residence, Sergeant Barefield was informed that the automobile belonged to Theauthur Cash. After Sergeant Barefield talked with Theauthur Cash, he conducted a photographic lineup with Mr. Barrett where five photographs were shown to him. Sergeant Barefield testified that Mr. Barrett identified Henry James Wright, the appellant, as the person who robbed him.
Theauthur Cash testified that, in the latter part of July, 1980, he and Henry James Wright were at Barbara's (last name unknown) house and Henry James Wright borrowed his car. Cash described the car as a 1978 Ford LTD, four-door, green top and white body. He stated that Henry Wright and a person named Tyrone Watts left in the car at about 10:30 a.m., and later that day when the car was parked in Barbara's driveway, he noticed the car had been damaged. Mr. Cash testified that Henry Wright gave him a telephone number of the person who hit the car, but when he dialed the number no one answered. Mr. Cash also testified that he received a call from Sergeant Barefield in reference to his car and he explained about the car.
Joseph Wright, the brother of appellant, testified that on July 30, 1980, he was with the appellant from 11:30 a.m. until 1:30 p.m. at their mother's house. Joseph Wright also stated that, when he left about 1:00 p.m., Henry Wright was still there with his mother.
Henry James Wright, the appellant, testified that on July 30, 1980, he was at home with his mother because she was old and sick. Henry Wright's testimony was that he did not borrow Theauthur Cash's automobile; furthermore, he testified that he did not know a person named Tyrone Watts, and he had never been anywhere with him. Wright testified that he had not owned a gun and that he had never seen Mr. Barrett before except at the preliminary hearing.
Appellant bases his appeal on two arguments. His first contention is that the court erred in allowing the introduction of "mugshot" photographs of the appellant into evidence for the jury to view; and, second, that the court abused its discretion in the sentencing of the appellant.
Appellant contends the admission of the five photographs used in the extrajudicial photographic identification procedure amounts to reversible error. He contends that the photographs were admitted into evidence before the appellant's identity had been placed in issue, and, as a result, appellant's right to a fair trial was prejudiced.
When the photographs were first introduced at trial, defense counsel objected on the ground that they had not been properly authenticated. Mr. Barrett testified that all five photographs introduced at trial were indeed the photographs that Sergeant Barefield had exhibited to him approximately one week after the robbery. Mr. Barrett also testified that the photographs appeared to be in the same condition as they were when Sergeant Barefield showed them to him one week after the robbery. He stated that, at the extrajudicial photo lineup, he picked out a photograph of appellant as the person who robbed him and, after doing so, signed his name along with the date and time of day that the identification took place on the back of the photograph. At trial Mr. Barrett identified the signature on the back of appellant's photograph as his own. Following this testimony, the trial judge allowed into evidence the photographs. Subsequent to the admission of the photographs into evidence, Sergeant Barefield testified that the five photographs were the same ones that he had exhibited to Mr. Barrett approximately one week after the robbery.
To allow the introduction of an out-of-court photographic array, the state only need show a reasonable probability that the photographs introduced at trial were those used by the witness for identification purposes. Snipes v. State, Ala.Cr.App., 364 So.2d 424 (1978). Due to Mr. Barrett's positive identification of the photographs at trial as being those that were shown to him at the extrajudicial lineup, *Page 348 
and his recognition of his own signature on the back of the appellant's photograph, the "reasonable probability" burden was met by the state.
Appellant contends that the trial judge committed reversible error due to the admission of the five photographs used in the extrajudicial photographic lineup since the photographs were admitted to bolster the in-court identification by the victim of appellant before his identity was even placed in issue. InHowell v. State, Ala.Cr.App., 369 So.2d 297 (1978), it was held that where a specific objection to admission of evidence is made, all other grounds are waived.
The record reveals that no proper objection was made at the time the photographs were admitted into evidence. The objection made at trial was:
 "MR. CALDWELL: We object, Your Honor. They (the photographs) have not been properly authenticated."
Since appellant failed to properly object at trial to the introduction of the photographs, nothing is presented to this court for review. Hargrove v. State, Ala.Cr.App., 344 So.2d 823
(1977).
Appellant asserts that the trial court abused its discretion by sentencing appellant to a term of twenty years under the Habitual Offender Statute, § 13A-5-9 Code of Alabama 1975. The record shows that appellant was indicted under § 13A-8-41, Code of Alabama 1975, which became effective on June 1, 1979, and is classified as a Class A felony. § 13A-6 (a)(1), Code of Alabama 1975, also in effect on the date of the robbery provides the following sentences:
 "(1) For a Class A felony, for life or not more than 99 years or less than 10 years."
Where punishment is properly imposed within the limits defined by the punishing statute, this court is without jurisdiction to review the punishment. Fagan v. State, Ala.Cr.App., 412 So.2d 1282 (1982). Therefore, no error is presented for review.
Conflicting evidence in a robbery prosecution as to whether appellant committed the robbery presented an issue for the jury to resolve and a verdict rendered thereon will not be disturbed on appeal. Lee v. State, Ala.Cr.App., 346 So.2d 31 (1977);Young v. State, Ala.Cr.App., 346 So.2d 509 (1977).
A careful search of the record reflects no error injuriously affecting the substantial rights of the appellant. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.