McMILLAN, Judge.
The appellant was indicted by the Laud-erdale County Grand Jury for one count of child abuse, in violation of § 26-15-3, Code of Alabama (1975), and four counts of sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama (1975). Following a jury trial, the appellant was convicted of child abuse (committed against Christopher Holzschuh), and two counts of sexual abuse in the first degree (committed against Sara Holzschuh and Michelle Heup), and was sentenced to three concurrent terms of ten years’ imprisonment. Two issues are raised in this appeal.
I.
The appellant first contends that the trial court erred in requiring him to sit at a table located approximately 20 feet from the witness stand. The appellant argues that, by positioning him in such a manner, the trial court prevented him from establishing face-to-face contact with the witnesses for the prosecution, thereby denying him his Sixth Amendment right to confront witnesses against him. We disagree.
The record shows that, following voir dire, counsel made a motion that she and the appellant be allowed to sit at the table closest to the witness stand. Counsel complained that the placement of the appellant “severely obstructed” his view of the witness stand. In denying the appellant’s motion, the trial judge stated the following:
“THE COURT: All right. And just so the record can be clear on why, for the three and a half years I have been here, my court reporter just has a preference that plaintiffs sit at one table — and that includes the State — and the defendants sit at the table you have been moved to, because, as I understand it, it just makes it easier for her to be consistent in reporting cases. And that rule has been followed in all my civil cases and all my criminal cases and all my juvenile court cases, without exception, for three and a half years.
“But, in any event, even if I had to rule — and that’s the reason I’m ruling *530 that way — but even if I was compelled to rule on it, I have an extremely small courtroom, by most standards, and I just would point out that the children in this case that will be testifying are between the ages of six and ten, and they are certainly all children of tender years. And while the Defendant has a right to confront his witnesses, and he will be present in the courtroom, if he sat at the table you requested, he would be sitting as close as possibly four or five feet, and certainly no further than eight to ten feet away from the witnesses, and I think that would be a little too intimidating for the child witnesses. And at the table he’s going to be sitting at now, he won’t be sitting any more than 20 feet from the witnesses, and probably a little less than 20 feet from the witnesses.
“And so, even if there wasn’t an established practice in my courtroom of three and a half years’ duration, I would rule that you couldn’t sit there anyway, so it’s on the record why.”
The Sixth Amendment to the United States Constitution provides, in part, that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.” The confrontation clause of the Sixth Amendment is applicable to the states by reason of the Fourteenth Amendment. Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). See also Ala. Const. Art. 1, § 6.
Recent decisions of this Court have addressed conflicts that have arisen where the right of confrontation involves very young witnesses in cases of sexual abuse. In Strickland v. State, 550 So.2d 1042 (Ala. Cr.App.1988), this Court, in upholding the constitutionality of Code of Alabama (1975), § 15-25-2 (pertaining to videotaped depositions of victims or witnesses under age 16), noted that the right of confrontation afforded by the Sixth Amendment must, at times, yield to the competing interests of public policy.
“As early as 1895, the United States Supreme Court held that the right of confrontation must occasionally give way to considerations of public policy and the necessities of the case. Mattox v. United States, 156 U.S. 237, 243 [, 15 S.Ct. 337, 339, 39 L.Ed. 409] (1895). In Ohio v. Roberts, 448 U.S. 56, 64 [, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597] (1980), the Court held that, even though the confrontation clause reflects a preference for face-to-face confrontation at trial, competing interests, if closely examined, ... may warrant, dispensing with confrontation at trial. In California v. Green, 399 U.S. 149 [, 90 S.Ct. 1930, 26 L.Ed.2d 489] (1970), the Court summarized the purposes served by the confrontation clause. The three principal functions of confrontation, the Court stated, are: (1) to ensure that the witness testifies under oath; (2) to ensure that the witness undergoes cross-examination; and (3) to allow the jury to assess the credibility of the witness by observing the witness’s demeanor as he testifies. Id. at 159 [, 90 S.Ct. at 1935]. See also Lee v. Illinois, 476 U.S. 530 [, 106 S.Ct. 2056, 90 L.Ed.2d 514] (1986).
“ ‘The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. The opponent demands confrontation, not for the idle purpose of gazing upon the witness, or of being gazed upon by him, but for the purpose of cross-examination, which cannot be had except by the direct and personal putting of questions and obtaining immediate answers.’
Davis v. Alaska, 415 U.S. 308, 315-16 [, 94 S.Ct. 1105, 1109-10, 39 L.Ed.2d 347] (1974) (emphasis omitted), quoting 5 J.Wigmore, Evidence, § 1395, at 123 (3d ed. 1970). See also Douglas v. Alabama 380 U.S. 415 [, 85 S.Ct. 1074, 13 L.Ed.2d 934] (1965).”
Strickland, supra, at 1047. See also Brasher v. State, [Ms. 4 Div. 905, October 11,1988] (Ala.Cr.App.1988).
The trial court in the present case clearly stated its concern that the prosecuting witnesses, the oldest of whom was eleven, *531 would be intimidated if the court allowed the appellant to sit at the requested table. While the position of the appellant may have made viewing the witnesses more difficult, it did not make seeing them impossible. Moreover, the appellant was physically present in the courtroom throughout the trial, and was permitted to confront and vigorously cross-examine all witnesses for the prosecution. Tucker v. State, 398 So.2d 417 (Ala.Cr.App.1981).
“The conduct of a trial rests squarely in the discretion of the presiding judge and, unless it appears that there has been an abuse of discretion, we will not interfere.” Thomas v. State, 393 So.2d 504, 507-08 (Ala.Cr.App.1981). “The trial court exercises this discretion in light of the circumstances of the particular case, and, in the absence of gross abuse, its actions are not reviewable by this court.” Snipes v. State, 364 So.2d 424 (Ala.Cr.App.1978). We find no such abuse here, and the ruling of the trial court was without error.
The appellant further alleges that the trial court likewise denied him the right to confront the prosecuting witnesses by allowing social workers or caretakers to sit near them. The appellant fails, however, to cite any legal authority in support of this proposition. Pursuant to this Court’s decisions in Johnson v. State, 500 So.2d 494 (Ala.Cr.App.1986), and Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984), the appellant’s argument as to this issue is therefore deemed waived.
II.
The appellant next argues that the prosecution failed to prove his guilt beyond a reasonable doubt and to a moral certainty and that the trial court thus erred by submitting this case to the jury. Again, we disagree.
In the case sub judice, the appellant was convicted of one count of child abuse, in violation of § 26-15-3, Code of Alabama (1975), and two counts of sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama (1975). In the opinion of this Court, the prosecution presented a pri-ma facie case as to each of these offenses. The testimony of the three victims and that of Dr. Karen Landers of the Northwest Alabama Regional Health Department established all the elements of each offense. The record indicates that the appellant did cruelly beat, willfully abuse, and otherwise maltreat Christopher Holzschuh, age 7. The record likewise shows that the appellant, being sixteen years or older, did subject Sarah Holzschuh, age 9, and Michele Heup, age 7, to sexual contact.
“In reviewing a conviction based on circumstantial evidence, ‘[t]he test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.’ Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala. 1979).”
Currin v. State, 535 So.2d 221 (Ala.Cr. App.1988).
The appellant argues that discrepancies in the testimony of the victims, as well as contradictions in the medical findings, are sufficient to create a reasonable doubt as to his guilt. As this Court noted in Cur-rin, supra, however, such inconsistencies raise questions of weight, not sufficiency, and present credibility issues for the jury. “ ‘The weight of the evidence, the credibility of witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone.’ Willcutt v. State, 284 Ala. 547, 549, 226 So.2d 328, 330 (1969).” Id. at 222. The motion for judgment of acquittal was properly denied.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.